# EXHIBIT 4



# BALCH & BINGHAM LLP

Alabama • Georgia • Mississippi • Washington, DC

Robin G. Laurie
(334) 269-3146

Attorneys and Counselors
105 Tallapoosa Street, Suite 200
P.O. Box 78 (36101-0078)
Montgomery, Alabama 36104-3515
(334) 834-6500
(334) 269-3115 Fax
www.balch.com

(866) 736-3859 (direct fax)
rlaurie@balch.com

SECRETARY
Filed
Mar 07, 2006
APSC

March 7, 2006

BY HAND DELIVERY

Mr. Walter Thomas
Secretary
Alabama Public Service Commission
RSA Union Building
8th Floor
100 N. Union Street
Montgomery, Alabama 36104

Re: Petition to Establish Generic Docket to Consider Amendments to Interconnection Agreements Resulting From Changes of Law; Docket No. 29543

Dear Mr. Thomas:

Enclosed for filing on behalf of Momentum Telecom, Inc., in the above-referenced matter are the original and one copy of the Emergency Petition for Reconsideration. A copy of same was electronically filed with the Commission on this day.

Very truly yours,

Robin G. Laurie

RGL:dpe
Enclosures

cc: Francis B. Semmes, Esquire

PLAINTIFF'S EXHIBIT 4

BEFORE THE
ALABAMA PUBLIC SERVICE COMMISSION

In Re: )
 )
Petition to Establish Generic Docket to )  Docket No. 29543
Consider Amendments to Interconnection )
Agreements Resulting from Changes of Law )
 )

## EMERGENCY PETITION FOR RECONSIDERATION

Momentum Telecom, Inc. ("Momentum"), pursuant to this Commission's rules, moves for expedited reconsideration of this Commission's decision on Issues 8 and 14 in the above-referenced matter. In support, Momentum states as follows:

1. Momentum is a competitive local exchange carrier formed under the laws of the State of Delaware, and having its principal place of business at 2700 Corporate Park Drive, Suite 200, Birmingham, Alabama 35242. Momentum currently provides or is authorized to provide voice and data, local, long distance, and bundled telecommunications services in several states. This docket was established pursuant to Momentum's petition filed with this Commission on September 29, 2004.

2. Momentum provides telecommunications services to over 20,000 subscribers in Alabama, principally residential subscribers. The two issues of monumental importance to Momentum and its customer base in Alabama are issues 8 and 14.

3. In a nutshell, on Issue 8 the Commission declined to exercise "jurisdiction to require BellSouth to include in its interconnection agreements entered into pursuant to [47 U.S.C.] 252, network elements pursuant to either state law, § 271 or any other federal law."[1] On

---

[1] Pricing - terms and conditions - for these items was suggested by CompSouth witness Gillan.

issue 14 the Commission recognized BellSouth's duty to commingle, but declined "to establish the terms and conditions for the commingling of § 271 elements."

4.  These erroneous conclusions of "no jurisdiction" are contrary to the only federal court to have squarely addressed these issues; contrary to relevant decisions of the commissions in Georgia and Tennessee; incongruous with a recent decision of the FCC; and if not reconsidered right away, will put Momentum out of business in Alabama. Thus, its more than 20,000 subscribers will have no competitive alternative for telephone service. Each of these authorities has been filed in this proceeding, except the recent FCC decision (attached hereto). The FCC stated: [2]

> "We do not address Momentum's assertion that state commissions have concurrent jurisdiction over the issues in dispute in this proceeding, and our order of dismissal should not be construed as agreeing or disagreeing with Momentum's assertion."

File No. EB-05-MD-029 (emphasis added).

WHEREFORE, PREMISES CONSIDERED, Momentum respectfully requests that the Commission advance consideration of this petition on the Commission's calendar and reconsider the decisions as to Issues 8(a) and 14. Such reconsideration would be based upon the one and only federal court to have squarely addressed these issues, as well as decisions of our sister states, Georgia and Tennessee.

Respectfully submitted this 7th day of March, 2006.

Robin G. Laurie (LAU006)
Attorney for Momentum Telecom, Inc.

OF COUNSEL:

---

[2] The federal court decision was filed with the Commission in this docket under cover letter of December 14, 2005; the Tennessee Regulatory Authority decision was cited in CompSouth's post-hearing brief at footnote 7; and the Georgia decision was filed with the Commission under cover of letter dated January 24, 2006.

2

Balch & Bingham LLP
P.O. Box 78
Montgomery, Alabama 36101
(334) 834-6500

3

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following persons by placing same in the U.S. Mail, postage prepaid and properly addressed on this 7th day of March, 2006.

Francis B. Semmes, Esquire
General Counsel - Alabama
BellSouth
Suite 28A2
600 North 19th Street
Birmingham, Alabama 35203

Robert E. Poundstone, IV, Esquire
Peter S. Fruin, Esquire
Maynard, Cooper & Gale, P.C.
201 Monroe Street, Suite 1650
Montgomery, Alabama 36104

Marti H. Sawzak
Legal Administrator
BellSouth Telecommunications, Inc.
600 North 19th Street
Suite 28A2
Birmingham, Alabama 35203

Dana Billingsley Esquire
Wilkerson & Bryan, P.C.
405 South Hull Street
Montgomery, Alabama 36104

William R. Atkinson, Esquire
Sprint Communications Company, L.P.
3065 Cumberland Circle
GAATLD0602
Atlanta, Georgia 30339

OF COUNSEL

4

Federal Communications Commission　　　　　　　　　　　　　　DA-06-520

Before the
Federal Communications Commission
Washington, D.C. 20554

In the Matter of　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
Momentum Telecom, Inc. f/k/a　　　　　　　)
Momentum Business Solutions, Inc.,　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　Complainant,　　　　　　　　　　　　)　　File No. EB-05-MD-029
　　　　　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　　)
BellSouth Telecommunications, Inc.,　　　 )
　　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendant.

ORDER OF DISMISSAL

Adopted: March 3, 2006　　　　　　　　　　　　　　　　　　　　　　　Released: March 3, 2006

By the Chief, Market Disputes Resolution Division, Enforcement Bureau:

　　　1.　　On March 2, 2006, the complainant, Momentum Telecom, Inc. f/k/a Momentum Business Solutions, Inc. ("Momentum"), filed a motion to withdraw with prejudice[1] the Complaint[2] that it filed against BellSouth Telecommunications, Inc. ("BellSouth"), pursuant to sections 208 and 271 of the Communications Act of 1934, as amended ("Act").[3] In its Complaint, Momentum claims that the rates, terms, and conditions under which BellSouth is offering local switching violate sections 271, 201(b) and 202(a) of the Act.

　　　2.　　The Motion states that Momentum has addressed its business concerns through an agreement with BellSouth, and "has determined that further litigation of its complaint is unnecessary at this time and that withdrawal is in the best interest of both parties."[4] Momentum states in its letter transmitting its Motion that "BellSouth does not object to the withdrawal of the complaint."[5] Momentum further asserts that state commissions "have concurrent jurisdiction with the Commission over the issues in dispute in this proceeding" and that Momentum intends to pursue ongoing litigation before state

---

[1] Motion to Withdraw, File No. EB-05-MD-029 (filed Mar. 2, 2006) ("Motion").

[2] Formal Complaint, File No. EB-05-MD-029 (filed Nov. 21, 2005) ("Complaint").

[3] 47 U.S.C. §§ 208 and 271. Section 271(d)(6) of the Act requires that "[u]nless the parties otherwise agree, the Commission shall act on [Momentum's] complaint within 90 days." 47 U.S.C. § 271(d)(6). The parties agreed that the deadline for resolution of the captioned proceeding did not end until March 3, 2006. See Letter from Jennifer Kashatus, Counsel for Momentum, to Alexander P. Starr, Chief, Market Disputes Resolution Division, EB, File No. EB-MD-05-029 (filed Feb. 24, 2006).

[4] Motion at 1-2.

[5] Letter from Jennifer M. Kashatus, Counsel for Momentum, to Marlene Dortch, Secretary, FCC, File No. EB-05-MD-029 (filed Mar. 2, 2006).

| Federal Communications Commission | DA-06-520 |
|---|---|

commissions.[6]

3.     In response to the Motion, BellSouth states that it does not object to the withdrawal of Momentum's Complaint with prejudice, but it does object to Momentum's assertion that state commissions have concurrent jurisdiction with the Commission on the issues raised in the dispute.[7] BellSouth asks the Commission to reject Momentum's assertion related to concurrent state jurisdiction.[8]

4.     We are satisfied that dismissing the Complaint with prejudice will serve the public interest by promoting the private resolution of disputes and by eliminating the need for further litigation and the expenditure of further time and resources of the parties and this Commission.[9] Although we grant Momentum's Motion, we do not address Momentum's assertion that state commissions have concurrent jurisdiction over the issues in dispute in this proceeding, and our order of dismissal should not be construed as agreeing or disagreeing with Momentum's assertion.

5.     Accordingly, IT IS ORDERED, pursuant to sections 1, 4(i), 4(j), and 208 of the Act, 47 U.S.C. §§ 151, 154(i), 154(j), 208 and 271, and the authority delegated in sections 0.111, 0.311, and 1.720-1.736 of the Commission's rules, 47 C.F.R. §§ 0.111, 0.311, and 1.720-1.736, that the Motion is GRANTED, and that the Complaint is DISMISSED with prejudice.

FEDERAL COMMUNICATIONS COMMISSION

Alexander P. Starr
Chief, Market Disputes Resolution Division

---

[6] Motion at 1-2.

[7] *See* Email from E. Earl Edenfield, Counsel for BellSouth, to Alexander P. Starr, Chief, Market Disputes Resolution Division, EB, File No. EB-MD-05-029 (filed Mar. 2, 2006).

[8] *Id.*

[9] Motion at 2, ¶ 2.