**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| MOMENTUM TELECOM, INC., ) | |
| ) | |
|     Plaintiff. ) | |
| ) | Case No. 2:06-cv-00577-DRB |
| v. ) | |
| ) | |
| ALABAMA PUBLIC SERVICE COMMISSION, ) | |
| ) | |
|     Defendants. ) | |

**ANSWER OF DEFENDANTS ALABAMA PUBLIC SERVICE COMMISSION;**
**JIM SULLIVAN, as President; JAN COOK, Associate Commissioner;**
**and GEORGE C. WALLACE, JR., Associate Commissioner**

Defendants, the Alabama Public Service Commission (the "APSC"); Jim Sullivan, in his capacity as President of the Alabama Public Service Commission; Jan Cook, in her capacity as Place 1 Commissioner of the Alabama Public Service Commission; and George C. Wallace, Jr., in his capacity as Place 2 Commissioner of the Alabama Public Service Commission, through the undersigned counsel, respond to the following numbered paragraphs of the complaint of Momentum Telecom, Inc., in this matter as follows:

1. Defendants admit plaintiff's allegations regarding its corporate status and principal place of business.

2. Defendants lack sufficient knowledge to either admit or deny the total number of customers and the nature thereof served by the plaintiff in Alabama and the other jurisdictions in which the plaintiff does business.

3. Defendants admit plaintiff's allegations that it is a competitive local exchange carrier ("CLEC") in Alabama within the meaning of the Telecommunications Act of 1996, Pub. L. No. 104-104, 100 Stat. 56 (1996) (the "Telecom Act").

4. Defendants admit that the APSC is an agency of the State of Alabama and a State Commission within the meaning of the Telecom Act.

5. Defendants admit that Jim Sullivan is the President of the APSC and that Mr. Sullivan is named as a defendant in his official capacity only.

6. Defendants admit that Jan Cook is a Commissioner of the APSC and is named as a defendant in her official capacity only.

7. Defendants admit that George C. Wallace, Jr., is a Commissioner of the APSC and is named as a defendant in his official capacity only.

8. Defendants admit that the court has subject matter jurisdiction over this matter as a federal question pursuant to 28 U.S.C. §1331. Defendants further admit that the court also has subject matter jurisdiction over this matter pursuant to the Supremacy Clause of the United States Constitution and 28 U.S.C. §1343(a)(3). Defendants deny the existence of jurisdiction pursuant to 47 U.S.C. §252(e)(6).

9. Defendants admit that venue is proper in this district pursuant to 28 U.S.C. §1391(b).

10. Defendants admit that this case involves the interpretation and the application of the Telecom Act.

11. Defendants admit that one of the purposes of the Telecom Act was to promote competition in local telephone markets by ending the regulated monopolies enjoyed by incumbent local exchange telephone companies ("ILECs") such as BellSouth Telecommunications, Inc. ("BellSouth"). Defendants deny all other aspects of the plaintiff's claims in this paragraph and assert that the findings and conclusions of the 11th Circuit Court of Appeals in *MCI WorldCom Communications, Inc. v. BellSouth Telecommunications, Inc.*, 446 F.3d 1164, 1166-67 (11th Cir. 2006) speak for themselves.

12 and 13. Defendants deny the assertions of the plaintiffs in this paragraph and maintain that the findings and conclusions of the Court of Appeals for the D.C. Circuit in *Covad Comm. Corp. v. FCC*, 450 F.3d 528 (D.C. Cir. 2006) ("*Covad Comm. Corp.*") speak for themselves.

14. Defendants admit that 47 U.S.C. §251(d)(2) left to the Federal Communications Commission (the "FCC") the authority to determine what network elements should be "unbundled" based on whether an incumbent LEC's "failure to provide access to such network elements would impair the ability of the telecommunications carrier seeking access to provide the services it seeks to offer." Defendants further admit that aforementioned scenario is commonly referred to as the "impairment" standard.

15. Defendants admit that the list of required unbundled network elements ("UNEs") under 47 U.S.C. §251 has not remained constant since the passage

      of the Telecom Act and that the Federal Courts reversed three (3) attempts by the FCC to establish such a list under the "impairment" standard of 47 U.S.C. §251(d)(2).

16. Defendants assert that the findings and conclusions of the Court of Appeals for the D.C. Circuit in *U.S. Telecom Association v. FCC,* 359 F.3d 554, 561 (D.C. Cir. 2004) ("*USTA II*") speak for themselves.

17. Defendants generally admit to plaintiff's allegations in this paragraph, but assert that the findings and conclusions of the Court of Appeals in *USTA II* speak for themselves.

18. Defendants admit that the FCC entered its "Triennial Review Remand Order" (*Unbundled Access to Network Elements*, Order on Remand, W.C. Docket No. 04-313, C.C. Dkt. No. 01-388, 20 F.C.C. Rcd. 2533 (2005) (the "*TRRO*")) in response to *USTA II* and therein limited the 47 U.S.C. §251 unbundling obligations of ILECs by eliminating certain network elements from the list of UNEs to which access is required under 47 U.S.C. §251.

19. Defendants admit that the United States Court of Appeal for the D.C. Circuit recently upheld the *TRRO* in *Covad Comm. Corp.* The Defendants assert, however, that the finding and conclusions of the D.C. Circuit in *Covad Comm. Corp.* speak for themselves.

20. Defendants admit that in addition to delisting certain 47 U.S.C. §251 UNEs, the *TRRO* also established a transition period of one (1) year in which CLECs

    could continue to access delisted 47 U.S.C. §251 UNEs to serve end-users that existed on the effective date of the *TRRO*. Defendants further admit that the FCC deemed that one (1) year period as sufficient for ILECs and CLECs to "modify their existing interconnection agreements, including completing any change of law processes." (*See TRRO* at ¶227)

21. Defendants admit that the FCC has the authority to determine what method the state commissions may use in setting rates for 47 U.S.C. §251 UNEs pursuant to 47 U.S.C. §251(b)(1) and that the FCC exercised said authority in establishing the Total Element Long Run Incremental Cost ("TELRIC") method for setting any rates in 47 CFR §51.505.

22. Defendants admit that the terms and conditions under which a CLEC leases 47 U.S.C. §251 UNEs from an ILEC are set forth in an interconnection agreement between the two carriers and that such agreements must be submitted to and approved by the applicable state commission (which in the instant matter is the APSC). In all other respects, Defendants deny the allegations of the plaintiff in this paragraph.

23. Defendants admit that the Telecom Act encourages ILECs and CLECs to negotiate and agree upon access rates via an interconnection agreement pursuant to 47 U.S.C. §251(c)(1).

24. Defendants admit that when an ILEC and CLEC cannot negotiate an interconnection agreement, either party may petition the applicable state commission to arbitrate any open issues pursuant to 47 U.S.C. §252(b).

25. Defendants admit that 47 U.S.C. §252(e) delegates to each state commission the authority to approve interconnection agreements including the pricing of unbundled network elements. Defendants assert, however, that the findings and conclusions of the 11th Circuit Court of Appeals in *MCI WorldCom* speak for themselves.

26. Defendants admit that 47 U.S.C. §271 of the Telecom Act gave the Bell operating companies or "BOCs" such as BellSouth the right to enter the market for long distance telephone service from which they were previously forbidden from participating.

27. Defendants admit that in order to enter the long distance market, a BOC must satisfy a "competitive checklist" containing fourteen (14) requirements. Defendants further admit that checklist item two requires BOCs to provide "[n]ondiscriminatory access to network elements in accordance with the requirements of 47 U.S.C. §251(c)(3) and 251(d)(1)," while checklist items four, five, six, and ten require the BOC to provide unbundled access to local loops, local transport, local switching, and call-related databases, respectively, (47 U.S.C. §§271(c)(2)(B)(ii), 271(c)(2)(B)(iv)-(vi),(x).

28. Defendants admit that the FCC has concluded and the D.C. Circuit has affirmed, that checklist items four, five, six and ten impose unbundling requirements for those elements independent of the unbundling requirements imposed by 47 U.S.C. §§251-252.

29. Defendants admit that the Court of Appeals for the D.C. Circuit in *USTA II* found that "none of the requirements of §251(c)(3) applies to items four, five, six and ten on the §271 competitive checklist."

30. Defendants admit that even though the FCC no longer requires ILECs to make certain network elements available to CLECs pursuant to 47 U.S.C. §251, BOCs are nonetheless required to make those network elements available to CLECs if such elements are listed in 47 U.S.C. §271 of the Telecom Act.

31. Defendants admit that the *TRRO*'s delisting of a UNE under 47 U.S.C. §251 does not relieve a BOC's obligation to provide that UNE if it is mandatory under 47 U.S.C. §271.

32. Defendants admit that while a BOC is no longer obligated to offer such a 47 U.S.C. §271 network element at TELRIC prices, these elements must still be priced at the "just and reasonable" standard set forth in 47 U.S.C. §271 of the Telecom Act pursuant to the authorities cited by the plaintiff.

33. Defendants deny that a BOC's obligations for providing access to all 47 U.S.C. §271 network elements must be addressed in an interconnection agreement submitted for state commission approval. In all other respects,

however, the Defendants admit the allegations of the plaintiffs in this paragraph.

34. Defendants admit that 47 U.S.C. §271(c)(2) of the Telecom Act states that a BOC meets the conditions necessary to seek approval to enter the long distance market "if, within the state for which the authorization is sought …such company is providing access and interconnection pursuant to one or more agreements described in paragraph (1)(A)" (or, alternatively, no CLEC has requested access to network elements) and "such access and interconnection meets the requirements of [the competitive checklist]." 47 U.S.C. §271(c)(2)(A).

35. Defendants admit that the "agreements described in paragraph (1)(A)" are, pursuant to 47 U.S.C. §271(c)(1)(A), binding agreements that have been approved by the applicable state commission pursuant to 47 U.S.C. §252.

36. Defendants admit that 47 U.S.C. §252 specifically authorizes a state commission to set rates for elements contained in interconnection agreements between ILECs and CLECs but deny that the plain language of the Telecom Act mandates that BOCs which make any 47 U.S.C. §271 elements available to ILECs or CLECs must do so pursuant to an interconnection agreement approved by a state commission under 47 U.S.C. §252.

37. Defendants deny that like 47 U.S.C. §251 elements, all 47 U.S.C. §271 elements must be offered pursuant to interconnection agreements submitted to and approved by state commissions under 47 U.S.C. §252.

38. Defendants admit that in accordance with the authorities cited by the plaintiff, the APSC has the general state law authority to set rates for telecommunications service providers "as they may be exercised consistently with the Constitution of the state and of the United States."

39. Defendants admit that state law provides that such rates must be "just and reasonable" pursuant to the authorities cited by the plaintiff.

40. Defendants admit that the text of 47 U.S.C. §271 does not address a state commission's authority to set rates for telecommunications services within its jurisdiction, but note that *Code of Ala.* 1975 §37-2A-4(b), as amended, provides that the APSC "shall not require …carriers to unbundle in a manner that exceeds in degree or differs in kind from the unbundling requirements of the Federal Communications Commission." Defendants further assert that the findings and conclusions of the federal district court for Maine in *Verizon New England, Inc. v. Maine Public Utilities Comm'n*, 403 F.Supp. 2d 96, 102, (D. Me. 2005) speak for themselves. In all other respects, Defendants deny the allegations of the plaintiff in this paragraph.

41. Defendants admit that on or about September 29, 2004, the plaintiff, along with another CLEC, ITC^DeltaCom Communications, Inc.

    ("ITC^DeltaCom"), filed a Petition regarding the Establishment of a Generic Proceeding on Change in Law and Nondiscriminatory Pricing for UNEs.

42. Defendants admit that in their Petition, Momentum and ITC^DeltaCom asked the APSC to establish a generic proceeding to establish "just, reasonable, and nondiscriminatory" pricing for BellSouth's unbundled switching services in cases where switching is not required to be offered under 47 U.S.C. §251, but is required by 47 U.S.C. §271.

43. Defendants admit that on November 4, 2004, BellSouth filed a separate Petition asking the APSC to "determine what changes recent decisions from the [FCC] and the [D.C. Circuit] require in existing approved interconnection agreements between BellSouth and [CLECs] in Alabama."

44. Defendants admit that at the APSC's meeting of December 12, 2004, the APSC voted to consider the Petitions filed by Momentum and ITC^DeltaCom and by BellSouth under one docket, Docket Number 29543.

45. Defendants admit that other parties including the Competitive Carriers of the South ("CompSouth", a nonprofit association of CLECs), CenturyTel of Alabama, LLC, and Sprint Communications Company, LP, were eventually allowed to intervene in Docket 29543.

46. Defendants admit that on October 6, 2005, the APSC held a hearing on the issues identified by the Parties in Docket 29543 as remaining contested. Defendants further admit that among the issues considered at the October 6,

        2005 proceedings was Issue No. 8 as submitted by the Parties: "Does the Commission have the authority to require BellSouth to include in its interconnection agreements entered into pursuant to [47 U.S.C.] §252, network elements under either state law, or pursuant to [47 U.S.C.] §271 or any other federal law other than §271?" In all other respects, the Defendants deny the allegations of the plaintiff in this paragraph.

47.    Defendants admit that the APSC unanimously approved its staff's recommendations regarding the pending issues in Docket No. 29543 at its regularly scheduled meeting of March 7, 2006.

48.    Defendants admit that on April 20, 2006, the APSC formalized its action of March 7, 2006, by issuing a Final Order Resolving Disputed Issues (the "Final Order").

49.    Defendants admit that with respect to Issue 8, the APSC determined in its Final Order that, as a matter of law, "it does not appear that the Commission has the requisite jurisdiction to compel the inclusion of §271 elements in dispute in this proceeding in interconnection agreements that are submitted to the Commission for its review pursuant to §252. Further, there appears to be no express or implied obligation on the part of BellSouth to negotiate the terms and conditions regarding §271 elements."

50.    Defendants admit that the APSC's finding of "no jurisdiction" is contrary to determinations by the state commissions of Tennessee and Georgia but assert

that said finding is entirely consistent with other state commission determinations including those rendered by the North Carolina and Florida Commissions. Defendants deny the plaintiff's allegation that the APSC's finding of "no jurisdiction" is contrary to the determination of the United States District Court for the District of Maine.

51. Defendants admit that the determination by the Georgia Public Service Commission that it has jurisdiction to set rates regarding §271 elements contained in interconnection agreements submitted to it for consideration under §252 is currently the subject of a declaratory action filed by BellSouth in the United States District Court for the Northern District of Georgia (Case No. 1:06-CV-0162-CC).

52. Defendants admit that on March 7, 2006, the plaintiff Momentum filed with the APSC an Emergency Petition for Reconsideration of the APSC's final determinations regarding Issues 8 and 14 in Docket 29543.

53. Defendants admit that in its Emergency Petition for Reconsideration, Momentum noted that the APSC's final determination regarding Issues 8 and 14 was contrary to existing federal court decisions, as well as state commission decisions in the border states of Georgia and Tennessee.

54. Defendants admit that in its Emergency Petition for Reconsideration, Momentum asserted that the APSC's final determination regarding Issues 8 and 14 in Docket 29543 would, if allowed to stand, force the plaintiff to shut

down and leave its 15,000 Alabama subscribers without a competitive alternative for telephone service.

55. Defendants admit that on May 2, 2006, the APSC ruled that Momentum's Emergency Petition for Reconsideration would be held in abeyance based on the reasoning cited by the plaintiff.

56. Defendants deny that the APSC has determined that it will not take action on Issue No. 8 in Docket 29543 pending guidance from the federal court but admit that the APSC has determined that "[t]he core issues raised by Momentum are currently before the Federal District Court in Georgia and that a ruling in Momentum's Petition will thus be deferred until there is guidance from the federal district court in question." (*See* plaintiff's Exhibit 5)

57. Defendants neither admit nor deny that this court is a more appropriate forum for the resolution of the APSC's concerns than is the United States District Court for the Northern District of Georgia.

58. Defendants deny that the APSC has declined to resolve Issue No. 8 without guidance from the federal court, but nonetheless admit that there is an actual case or controversy regarding a matter of federal law which this court may resolve pursuant to 28 U.S.C. §2201.

59. Defendants incorporate their responses to paragraphs 1-58 as if set forth completely herein.

60. Defendants deny that the APSC reached a determination that it may not set rates for 47 U.S.C. §271 elements. Defendants admit that the APSC determined that it may not require BellSouth to include certain 47 U.S.C. §271 elements in its interconnection agreements but deny that said determination is incorrect as a matter of federal and/or state law.

61. Defendants are without sufficient knowledge to either admit or deny the allegations contained in this paragraph of the complaint.

62. Defendants deny that any harm to Momentum is directly due to the APSC's failure to act because of its uncertainty as to a matter of federal law.

63. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

64. Defendants deny that this court should determine whether the APSC acting pursuant to its statutory powers under Alabama state law and the Telecom Act may require BellSouth to include certain 47 U.S.C. §271 elements in its interconnection agreements but admit that the issue of whether the APSC may set rates for 47 U.S.C. §271 elements is an issue this court may decide.

With respect to the plaintiff Momentum's specific Prayers For Relief, the APSC prays that the court would instead enter an Order denying Momentum's request that the APSC require BellSouth to include 47 U.S.C. §271 network elements in its interconnection agreements. The Defendants will defer to the wisdom of the court with respect to the issue of whether the APSC,

acting pursuant to its powers under Alabama state law and the Telecommunications Act of 1996, may set rates for 47 U.S.C. §271 network elements.

    Further Defendants sayeth not.

    Respectfully submitted this 20th day of July, 2006.

                                      s/G. Scott Morris
                                      G. Scott Morris
                                      Bar Number:  MOR080
                                      Attorney for the Defendants
                                      Alabama Public Service Commission
                                      100 N. Union Street, Suite 836
                                      Montgomery, AL 36104
                                      Telephone:  (334)242-5200
                                      Fax:  (334)242-0748
                                      E-mail:  scott.morris@psc.alabama.gov