**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

MOMENTUM TELECOM, INC.,                                    )
                                                           )
     Plaintiff,                                     )
v.                                                         )
                                                           )  No. 2:06-cv-577-DRB
ALABAMA PUBLIC SERVICE COMMISSION, et al.,                 )
                                                           )
     Defendants.                                    )
                                                           )
                                                           )

**MOTION TO INTERVENE**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, BellSouth Telecommunications, Inc. ("BellSouth") moves to intervene as a defendant as to all the claims raised by the plaintiff in the above-captioned civil action. Intervention is appropriate here because this case involves the terms and conditions under which Momentum Telecom, Inc. ("Momentum") may obtain access to *BellSouth's property*; indeed, Momentum has specifically sought a decision from this Court authorizing the Alabama Public Service Commission ("PSC") to order *BellSouth* to take certain actions.

BellSouth has contacted counsel for plaintiff, but has not obtained Momentum's consent to BellSouth's motion for intervention. Counsel for the PSC has stated, however, that the PSC does not oppose this motion. BellSouth is tendering herewith its Answer to plaintiffs' complaint.

1.      BellSouth is entitled to intervene as of right under Federal Rule of Civil Procedure 24(a)(2), which provides that "[u]pon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that

interest, unless the applicant's interest is adequately represented by existing parties."  Fed. R.

Civ. P. 24(a)(2).    Under the Eleventh Circuit's traditional test, a "proposed intervenor must

show: (1) that the intervention application is timely; (2) that an interest exists relating to the

property or transaction which is the subject of the action; (3) that disposition of the action, as a

practical matter, may impede or impair the ability to protect that interest; and (4) the existing

parties to the lawsuit inadequately represent the interests."  *Federal Sav. & Loan Ins. Corp. v.*

*Falls Chase Special Taxing Dist*., 983 F.2d 211, 215 (11th Cir. 1993).  BellSouth easily satisfies

this test.

First, BellSouth's motion to intervene is indisputably timely, because it has been filed

within weeks after the PSC filed its answer to plaintiffs' initial complaint.  *See Chiles v.*

*Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (intervention motion timely when filed

"only" seven months after the plaintiff filed his original complaint, three months after the

defendant filed its motion to dismiss, and before any discovery had begun); *see also Georgia v.*

*United States Army Corps of Eng'rs*, 302 F.3d 1242, 1259-60 (11th Cir. 2002) ("Georgia

contends that SeFPC's motion is untimely because SeFPC knew of the litigation and had copies

of the papers in the case since February 2001, and did not move to intervene until August 2001,

after discovery was largely complete and the parties had agreed upon a schedule for the briefing

of the case. We do not believe that a delay of six months in itself constitutes untimeliness.").

Moreover, intervention threatens no conceivable prejudice to plaintiffs, given that this

proceeding has barely begun.  *Cf. Alabama v. United States Army Corps of Eng'rs*, 229 F.R.D.

669, 672 (N.D. Ala. 2005) ("Although the case before the court is fifteen years old, the motions

to intervene are timely.  The court has only recently lifted the stay of this case. . . . The court has

not yet conducted proceedings on the merits of the case, and the movants' intervention will not

delay the proceedings.").

Second, BellSouth "has a direct, substantial and legally protectable interest in the subject

matter of [this] suit because the relief [that plaintiffs] request[] . . . will have a direct impact on

[BellSouth]." *United States Army Corps of Eng'rs*, 302 F.3d at 1250. In particular, although

Momentum is technically seeking review of a final order issued by the PSC,[1] it is actually

seeking relief against BellSouth. That is, Momentum is challenging a PSC order denying

Momentum's claim that BellSouth is obliged to allow competitive carriers (including

Momentum) to gain access to its own telephone network under certain terms and conditions

pursuant to the federal Telecommunications Act of 1996, Pub. L. No. 104-104, 110 Stat. 56

(1996) ("1996 Act").

BellSouth plainly has a substantial interest in the terms and conditions under which it

must offer its facilities to competitors, and that interest is directly implicated by this case.

Indeed, because of the importance of the interests at stake in similar cases under the 1996 Act,

courts regularly allow telephone carriers to intervene without comment. *See, e.g.*, *MCI

WorldCom Commc'ns, Inc. v. BellSouth Telecomms., Inc.*, 446 F.3d 1164, 1169 (11th Cir. 2006)

("MCI filed suit against BellSouth and the Florida Commission in federal district court seeking

declaratory and injunctive relief [against Florida commission order] under section 252. *See* [47

U.S.C.] § 252(e)(6). Florida Digital Network was permitted to intervene."); *Qwest Corp. v.

Koppendrayer*, 436 F.3d 859, 863 n.2 (8th Cir. 2006) (noting in a § 252(e)(6) case that "[a]

collection of interested CLECs are intervenors" for the purpose of defending a state commission

---

[1] *See* Final Order Resolving Disputed Issues, *Petition Regarding the Establishment of a Generic Proceeding on Change of Law and Nondiscriminatory Pricing for UNEs*, Docket No. 29543 (Ala. Pub. Serv. Comm'n Apr. 20, 2006) (Exh. 3 to Compl.), available at http://www.psc.state.al.us/orders2/2006/06apr/29543apr06.html.

order); *Bell Atlantic-Delaware, Inc. v. Global NAPS South, Inc*., 77 F. Supp. 2d 492, 502 (D.

Del. 1999) (granting AT&T's motion to intervene in defense of a state commission order relating

to compensation).

Third, if Momentum succeeds in this case, its success would indisputably "impede or

impair [BellSouth's] ability to protect" its interest in the terms and conditions under which

BellSouth must lease its property.    *Federal Sav. & Loan Ins. Corp.*, 983 F.2d at 215.    If

Momentum's request is granted, BellSouth could be required to offer access to a key element of

its privately owned network at an artificially low regulated rate.    Indeed, the whole point of

Momentum's complaint is to "impede" BellSouth's interests, which is why Momentum

specifically seeks an order of this Court that would authorize the PSC to "*require BellSouth* to

include Section 271 network elements in its interconnection agreements."    Compl. at 14 (Prayer

for Relief) (emphasis added).

Fourth, the PSC, as a regulator, cannot adequately represent BellSouth's weighty interest

as a private party in the outcome of this case.    *See* Fed. R. Civ. P. 24(a).    The PSC's interest here

is in its role as a state regulator, while BellSouth's interest is in the terms and conditions under

which other parties may obtain access to its facilities.    *Cf. United States Army Corps of Eng'rs*,

302 F.3d at 1259 ("The Corps seeks to protect its decision making process, whereas SeFPC seeks

to protect the economic and statutory interests of its members.").    Among other things, these

different interests may well lead to different arguments as to the scope of federal preemption in

cases such as this one.

Moreover, as the Eleventh Circuit has said, "Any doubt concerning the propriety of

allowing intervention should be resolved in favor of the proposed intervenors because it allows

the court to resolve all related disputes in a single action."    *Federal Sav. & Loan Ins. Corp*., 983

F.2d at 216 (reversing district court order that had found that the existing parties adequately represented the intervenors' interests).  Similarly, "the burden of showing that the existing parties cannot adequately represent [a proposed intervenor's] interest . . . is treated as minimal." *United States Army Corps of Eng'rs*, 302 F.3d at 1255-56 (internal quotation marks omitted). BellSouth easily meets that "'minimal'" burden, given that it is anything but "'*clear* that [the PSC] will provide adequate representation'" to BellSouth's interest here.  *Chiles*, 865 F.2d at 1214 (emphasis added) (quoting *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972) and 7C Wright, Miller, & Kane, *Federal Practice and Procedure* § 1909, at 319 (2d ed. 1986)).

As the Eleventh Circuit has stated, "Once a party establishes all the prerequisites to intervention, the district court has no discretion to deny the motion."  *United States v. Georgia*, 19 F.3d 1388, 1393 (11th Cir. 1994).  Accordingly, BellSouth should be granted leave to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2).

**2.**   Alternatively, intervention is appropriate because BellSouth satisfies all the requirements for permissive intervention.  *See* Fed. R. Civ. P. 24(b)(2) ("Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.").  For all of the reasons noted above, this motion has been brought in a timely fashion, and the parties will not be prejudiced by intervention.  Moreover, it is beyond question that BellSouth's proposed defenses address not only "common" questions of law and fact, but the *exact same* questions of law and fact as those raised by the parties – namely, the validity of the PSC's order and its consistency with federal law.  *See Marshall v. Planz*, 347

F. Supp. 2d 1198, 1204 (M.D. Ala. 2004) (granting permissive intervention and noting that "this common interest requirement is liberally construed . . . and there need be no showing of a direct personal or pecuniary interest in the subject of the litigation.") (internal quotation marks omitted).

Thus, in the unlikely event that intervention as of right is deemed inappropriate, the Court should grant permissive intervention so that BellSouth can ensure the adequate legal representation of its interest in managing its own network. *See United States Army Corps of Eng'rs*, 229 F.R.D. at 675 ("Rule 24(b) intervention is readily permitted when proposed intervenors demonstrate, as have the movants now before this court, that they have real economic stakes in the outcome and that the likelihood of future harm to their interest is significant.").

*      *      *

For the foregoing reasons, BellSouth respectively requests that the Court grant BellSouth's motion to intervene as a defendant. A proposed order is attached, as well as a proposed answer to plaintiffs' Complaint.

Respectfully submitted,


s/ Francis B. Semmes_____
FRANCIS B. SEMMES (SEM002)


s/ Walter R. Byars_____
WALTER R. BYARS (BYA002)


Attorneys for Intervenor,
BellSouth Telecommunications, Inc.



OF COUNSEL:

BellSouth Telecommunications, Inc.
600 No. 19th Street
Suite 28A2
Birmingham, AL 35203
(205)714-0556

Steiner, Crum & Byars, P.C.
Post Office Box 668
Montgomery, AL 36101
(334)832-8800

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Motion to Intervene on all parties of record by E-File transmission or via U.S. Mail on this the 28th day of July, 2006.

s/ Walter R. Byars_____
OF COUNSEL

cc:
James H. McLemore
Capell & Howard, P.C.
P. O. Box 2069
Montgomery, AL 36101-0078

John A. Garner                         [Via U. S. Mail]
Chief Administrative Law Judge
Alabama Public Service Commission
P. O. Box 304260
Montgomery, AL 36130-4260

Walter Thomas, Secretary              [Via U. S. Mail]
Alabama Public Service Commission
P. O. Box 304260
Montgomery, AL 36130-4260

Jim Sullivan, President               [Via U. S. Mail]
Alabama Public Service Commission
P. O. Box 304260
Montgomery, AL 36130-4260

Commissioner Jan Cook                 [Via U. S. Mail]
Alabama Public Service Commission
P. O. Box 304260
Montgomery, AL 36130-4260

Commissioner George C. Wallace, Jr.   [Via U. S. Mail]
Alabama Public Service Commission
P. O. Box 304260
Montgomery, AL  36130-4260