UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MOMENTUM TELECOM, INC., | ) |
| | ) |
| Plaintiff. | ) |
| | ) |
| v. | ) |
| | ) |
| ALABAMA PUBLIC SERVICE COMMISSION, | ) |
| | ) |
| JIM SULLIVAN, in his capacity as President of the Alabama Public Service Commission, | ) Civil Action No. 2:06-cv-00577-WKW |
| | ) |
| JAN COOK, in her capacity as a Commissioner of the Alabama Public Service Commission, and | ) |
| | ) |
| GEORGE C. WALLACE, JR., in his capacity as a Commissioner of the Alabama Public Service Commission, | ) |
| | ) |
| Defendants. | ) |

**JOINT REPORT OF THE PARTIES AND THE MOVANT TO INTERVENE
PURSUANT TO FED. R. CIV. P. 26(F)**

Come now all parties to this lawsuit, joined by Bellsouth Telecommunications, Inc. ("BellSouth"), movant to intervene, and submit this joint report pursuant to Rule 26 of the Federal Rules of Civil Procedure.[1]

---

[1] Both Rule 26(f) and this Court's Order of July 26, 2006, require the "parties" to submit this report. However, since none of the parties have opposed BellSouth's Motion to Intervene [Docket No. 11], the parties invited BellSouth to participate in their Rule 26(f) conference and join this report, which BellSouth did, for sake of judicial economy.

1367013 v2
102168-007  8/31/2006

I.  **Rule 26(f) Planning Conference**

Pursuant to Rule 26(f), meetings were conducted by telephone over several days from August 21 to 30, 2006, by and between:

James H. McLemore, Esq., counsel for Plaintiff, and

George Scott Morris, Esq., counsel for Defendants, and

Walter R. Byars, Esq., counsel for BellSouth,

with each of them conferring on all communications with their respective co-counsel.

II. **Plaintiff's Allegations**

Momentum Telecom, Inc. seeks a declaration that the Alabama Public Service Commission, acting pursuant to the Telecommunications Act of 1996 (codified at 47 U.S.C. §§ 151-614) and pursuant to its statutory powers under Alabama state law, may set rates for telephone network elements that the Bell Operating Companies, such as BellSouth, are required to make available to competitive local exchange carriers, such as Momentum, under 47 U.S.C. § 271 and may require BellSouth to include such Section 271 elements in its interconnection agreements.

III. **Defendants' Position**

The defendant, the Alabama Public Service Commission, and the directors thereof in their official capacity defer to the wisdom of the court with respect to the issue of whether they, acting pursuant to its powers under Alabama state law and the Telecommunications Act of 1996, may set rates for 47 U.S.C. § 271 network elements.  The defendants contend, however, that they do not have the power to require to Bell Operating Companies to include such Section 271 elements in their interconnection agreements.

### IV. BellSouth's Position

Defendant BellSouth Telecommunications, Inc. contends that the Alabama Public Service Commission correctly decided that (a) BellSouth does not have any obligation under 47 U.S.C. §§ 251/252 to negotiate the terms and conditions regarding elements subject to 47 U.S.C. § 271; and (b) the Commission does not have jurisdiction either to compel BellSouth to include 47 U.S.C § 271 elements in interconnection agreements that are negotiated and/or arbitrated under 47 U.S.C. § 252, or to decide upon the terms, rates, or conditions for such 47 U.S.C. § 271 elements.

### V. Initial Disclosures and Discovery

The parties and BellSouth submit that this declaratory judgment action presents questions of law, that they believe the relevant facts to be undisputed, and that, therefore, initial disclosures and discovery are unnecessary. As such, the parties and BellSouth submit that no discovery schedule should be set.

### VI. Dispositive Motions

Since this declaration judgment action presents purely questions of law, the parties suggest that the Court set the following briefing schedule:

| | |
|---|---|
| Momentum's opening brief on its claims (Maximum 30 pages) | September 15, 2006 |
| Response of Defendants and BellSouth (Maximum 30 pages) | October 13, 2006 |
| Momentum's reply (Maximum 20 pages) | November 6, 2006 |

**VII.    Trial**

The declaratory judgment action presents purely a question of law that will be proper for determination on briefs. As such, the parties and BellSouth do not anticipate that a trial will be necessary.

**VIII.    Settlement**

Given the pure legal issues this declaratory judgment presents, the parties and BellSouth state that settlement is not a practical possibility in this case.

Respectfully submitted this 31st day of August, 2006.

Attorneys for Momentum Telecom, Inc.

s/James H. McLemore<br>James H. McLemore (MCL014)

OF COUNSEL:
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
P.O. Box. 2069
Montgomery, Alabama  36102

s/George H. Nolan<br>George H. Nolan

s/Henry M. Walker<br>Henry M. Walker

s/Jonathan D. Rose<br>Jonathan D. Rose

OF COUNSEL:
BOULT, CUMMINGS, CONNERS & BERRY, PLC
1600 Division Street, Suite 700
P.O. Box. 340025
Nashville, Tennessee  37203

|  |  |
|---|---|
|  | Attorneys for Bellsouth Telecommunications, Inc. |
|  |  |
|  | s/Francis B. Semmes<br>Francis B. Semmes |
| OF COUNSEL :<br>BELLSOUTH TELECOMMUNICATIONS, INC.<br>3196 Highway 280 South<br>Room 304-N<br>Birmingham, AL  35243 |  |
|  | s/Walter R. Byars<br>Walter R. Byars |
| OF COUNSEL:<br>STEINER, CRUM & BYARS, P.C.<br>P. O. Box 668<br>Montgomery, AL 36101 |  |
|  | s/Sean A. Lev<br>Sean A. Lev |
| OF COUNSEL:<br>KELLOGG HUBER HANSON TODD EVANS & FIGEL<br>Summer Square, Suite 400<br>115 M Street NW<br>Washington, D.C. 20036 |  |
|  | Attorney for Alabama Public Service Commission; and Jim Sullivan, Jan Cook, George Wallace, Jr., Commissioners |
|  | s/George Scott Morris<br>George Scott Morris |
| OF COUNSEL:<br>ALABAMA PUBLIC SERVICE COMMISSION<br>100 N. Union Street, Suite 836<br>Montgomery, AL 36104 |  |