# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| MOMENTUM TELECOM, INC., | ) |
| | ) |
|      Plaintiff, | ) |
| v. | ) |
| | )  No. 2:06-cv-577-WKW |
| ALABAMA PUBLIC SERVICE COMMISSION, et al., | ) |
| | ) |
|      Defendants. | ) |
| | ) |
| | ) |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES OF BELLSOUTH TELECOMMUNICATIONS, INC.

Defendant BellSouth Telecommunications, Inc. ("BellSouth"), by its undersigned attorneys, hereby answers the Complaint for Declaratory Judgment filed by Plaintiff Momentum Telecom, Inc ("Momentum"). In response to the specific allegations set forth therein, BellSouth states as follows. Those allegations not expressly admitted shall be deemed denied.

### PARTIES

1.     On information and belief, BellSouth admits that Momentum is a Delaware corporation with its principal place of business in Alabama.

2.     On information and belief, BellSouth admits that Momentum provides telecommunication services to thousands of customers in the Southeast, including subscribers in Alabama.

3.     BellSouth admits that Momentum is a competitive local exchange carrier within the meaning of the Telecommunications Act of 1996, Pub. L. No. 104-104, 110 Stat. 56 (1996) ("1996 Act" or "Act").

4.      BellSouth admits that the Alabama Public Service Commission ("PSC") is an agency of the State of Alabama, and that it is a "state commission" within the meaning of the 1996 Act.

5.      BellSouth admits that Defendant Jim Sullivan is the President of the PSC.

6.      BellSouth admits that Defendant Jan Cook is a Commissioner of the PSC.

7.      BellSouth admits that Defendant George C. Wallace, Jr., is a Commissioner of the PSC.

## JURISDICTION AND VENUE

8.      Paragraph 8 contains legal conclusions as to which no response is necessary.

9.      BellSouth admits that venue is proper in this district.

## BACKGROUND

10.      BellSouth admits that this case concerns the 1996 Act.

11.      Paragraph 11 seeks to characterize the 1996 Act and the Eleventh Circuit's decision in *MCI WorldCom Communications, Inc. v. BellSouth Telecommunications, Inc.*, 446 F.3d 1164 (11th Cir. 2006).  BellSouth respectfully refers the Court to the Act and that decision for their contents, and denies all inconsistent allegations or characterizations.

12.      Paragraph 12 seeks to characterize the decision in *Covad Communications Co. v. FCC*, 450 F.3d 528, Nos. 05-1095, et al., 2006 WL 1651045 (D.C. Cir. June 16, 2006). BellSouth respectfully refers the Court to that decision for its contents, and denies all inconsistent allegations or characterizations.

13.      Paragraph 13 consists solely of a citation, as to which no response is necessary.

14.     Paragraph 14 seeks to characterize portions of the 1996 Act. BellSouth respectfully refers the Court to that statute for its contents, and denies all inconsistent allegations or characterizations.

15.     BellSouth admits that the D.C. Circuit and the Supreme Court have reversed the FCC's decisions three times for failing to conform its unbundling requirements to the federal Act.

16.     Paragraph 16 contains a quotation from *United States Telecom Association v. FCC*, 359 F.3d 554 (D.C. Cir. 2004) ("*USTA II*"). BellSouth respectfully refers the Court to that decision for its contents, and denies all inconsistent allegations or characterizations.

17.     Paragraph 17 seeks to characterize the D.C. Circuit's *USTA II* decision. BellSouth respectfully refers the Court to that decision for its contents, and denies all inconsistent allegations or characterizations.

18.     BellSouth admits that the FCC entered an *Order on Remand* in response to the *USTA II* decision.[1] BellSouth respectfully refers the Court to that order for its contents, and denies all inconsistent allegations or characterizations.

19.     BellSouth admits that the D.C. Circuit recently issued a decision in *Covad Communications Co.*, 450 F.3d 528. BellSouth respectfully refers the Court to that decision for its contents, and denies all inconsistent allegations or characterizations.

---

[1] *See* Order on Remand, *Unbundled Access to Network Elements; Review of the Section 251 Unbundling Obligations of Incumbent Local Exchange Carriers*, 20 FCC Rcd 2533 (2005) ("*Order on Remand*" or "*TRRO*").

3

20.     Paragraph 20 seeks to characterize the FCC's *Order on Remand.* BellSouth respectfully refers the Court to that order for its contents, and denies all inconsistent allegations or characterizations.

21.     Paragraph 21 seeks to characterize provisions of the 1996 Act and the FCC's regulations.  BellSouth respectfully refers the Court to those provisions for their contents, and denies all inconsistent allegations or characterizations.

22.     Paragraph 22 contains legal argument as to which no response is necessary.  To the extent that a response is deemed necessary, BellSouth respectfully refers the Court to the relevant provisions of the 1996 Act for their contents, and denies all inconsistent allegations or characterizations.

23.     Paragraph 23 contains legal argument as to which no response is necessary.  To the extent that a response is deemed necessary, BellSouth respectfully refers the Court to the relevant provisions of the 1996 Act for their contents, and denies all inconsistent allegations or characterizations.

24.     Paragraph 24 contains legal argument as to which no response is necessary.  To the extent that a response is deemed necessary, BellSouth respectfully refers the Court to the relevant provisions of the 1996 Act for their contents, and denies all inconsistent allegations or characterizations.

25.     Paragraph 25 seeks to characterize Section 252(e) and the decision in *MCI WorldCom Communications*, 446 F.3d 1164 (11th Cir. 2006).  BellSouth respectfully refers the Court to the Act and that decision for their contents, and denies all inconsistent allegations or characterizations.

26.    Paragraph 26 contains legal argument as to which no response is necessary.  To the extent that a response is deemed necessary, BellSouth respectfully refers the Court to the relevant provisions of the 1996 Act for their contents, and denies all inconsistent allegations or characterizations.

27.    Paragraph 27 contains legal argument as to which no response is necessary.  To the extent that a response is deemed necessary, BellSouth respectfully refers the Court to the relevant provisions of the 1996 Act for their contents, and denies all inconsistent allegations or characterizations.

28.    Paragraph 28 seeks to characterize the *Triennial Review Order*[2] and the D.C. Circuit's decision in *USTA II*.  BellSouth respectfully refers the Court to the *Triennial Review Order* and to the *USTA II* decision for their contents, and denies all inconsistent allegations or characterizations.

29.    Paragraph 29 seeks to characterize the *USTA II* decision.  BellSouth respectfully refers the Court to that decision for its contents, and denies all inconsistent allegations or characterizations.

30.    Paragraph 30 seeks to characterize BellSouth's duties under section 271 of the Act.  BellSouth respectfully refers the Court to the Act for its contents, and denies all inconsistent allegations or characterizations.

---

[2] Report and Order and Order on Remand and Further Notice of Proposed Rulemaking, *Review of the Section 251 Unbundling Obligations of Incumbent Local Exchange Carriers*, 18 FCC Rcd 16978 (2003) ("*TRO*" or "*Triennial Review Order*"), *vacated in part and remanded*, *USTA v. FCC*, 359 F.3d 554 (D.C. Cir.), *cert*. *denied*, 125 S. Ct. 313, 316, 345 (2004).

31.     Paragraph 31 seeks to characterize BellSouth's duties under section 271 of the Act.  BellSouth respectfully refers the Court to the Act for its contents, and denies all inconsistent allegations or characterizations.

32.     Paragraph 32 seeks to characterize BellSouth's duties under section 271 of the Act and the *Triennial Review Order*.  BellSouth respectfully refers the Court to the Act and the *Triennial Review Order* for their contents, and denies all inconsistent allegations or characterizations.

33.     Paragraph 33 seeks to characterize BellSouth's duties under section 271 of the Act.  BellSouth respectfully refers the Court to the Act for its contents, and denies all inconsistent allegations or characterizations.

34.     Paragraph 34 seeks to characterize BellSouth's duties under section 271 of the Act.  BellSouth respectfully refers the Court to the Act for its contents, and denies all inconsistent allegations or characterizations.

35.     Paragraph 35 seeks to characterize BellSouth's duties under section 271 of the Act.  BellSouth respectfully refers the Court to the Act for its contents, and denies all inconsistent allegations or characterizations.

36.     Paragraph 36 seeks to characterize BellSouth's duties under sections 252 and 271 of the Act.  BellSouth respectfully refers the Court to the Act for its contents, and denies all inconsistent allegations or characterizations.

37.     Paragraph 37 seeks to characterize BellSouth's duties under section 271 of the Act.  BellSouth respectfully refers the Court to the Act for its contents, and denies all inconsistent allegations or characterizations.

38.     Paragraph 38 seeks to characterize the PSC's authority under Alabama law. BellSouth respectfully refers the Court to the cited Alabama statutes and cases for their contents, and denies all inconsistent allegations or characterizations.  In addition, BellSouth denies that the PSC has any authority under state law to set rates for purposes of a federal-law requirement or to regulate rates where such regulation is preempted by federal law.

39.     Paragraph 39 seeks to characterize the PSC's authority under Alabama law. BellSouth respectfully refers the Court to the cited Alabama statutes and cases for their contents, and denies all inconsistent allegations or characterizations.   In addition, BellSouth denies that the PSC has any authority under state law to set rates for purposes of a federal-law requirement or to regulate rates where such regulation is preempted by federal law.

40.     Paragraph 40 seeks to characterize BellSouth's duties under section 271 of the Act, and the recent decision of *Verizon New England, Inc. v. Maine Pub. Util. Comm'n*, 403 F. Supp. 2d 96 (D. Me. 2005).  BellSouth respectfully refers the Court to the Act and to that court decision for their contents, and denies all inconsistent allegations or characterizations.  BellSouth further denies that this decision is from the only court to have ever squarely examined this issue, or that its decision is a correct interpretation of the law.

## FACTS PARTICULAR TO THIS ACTION

41.      BellSouth admits that Momentum and ITC^DeltaCom Communications, Inc. ("DeltaCom") filed a petition with the PSC on September 29, 2004.

42.     BellSouth admits that the petition filed by Momentum and DeltaCom asked the PSC to establish pricing for unbundled switching offered under 47 U.S.C. § 271.

43.     BellSouth admits that it filed a separate petition with the PSC on November 4, 2004, asking the PSC to apply recent changes in federal law to existing interconnection agreements in Alabama.

44.     BellSouth admits that the PSC consolidated its petition with that of Momentum and DeltaCom in December 2004.

45.     BellSouth admits that other CLECs joined that consolidated docket.

46.     BellSouth admits that the PSC held a hearing on October 6, 2005.

47.     BellSouth admits that the PSC voted to approve its staff's recommendations at a meeting on March 7, 2006.

48.     BellSouth admits that on April 20, 2006, the PSC issued the following order: Final Order Resolving Disputed Issues, *Petition Regarding the Establishment of a Generic Proceeding on Change of Law and Nondiscriminatory Pricing for UNEs*, Docket No. 29543 (Ala. P.S.C. Apr. 20, 2006) (Exh. 3 to Compl.), available at http://www.psc.state.al.us/orders2/2006/06apr/29543apr06.html.

49.     Paragraph 49 quotes from a PSC order.  BellSouth respectfully refers the Court to that order and denies all inconsistent allegations.

50.     Paragraph 50 attempts to characterize decisions from state commissions in Tennessee and Georgia, and from the United States District Court for the District of Maine. BellSouth respectfully refers the Court to those decisions for their contents, and denies all inconsistent allegations or characterizations.  BellSouth further notes that Momentum does not acknowledge the decisions of more than 20 other state commissions that are contrary to its claim, nor does it cite the contrary decisions of the FCC and other federal courts.

51.    Paragraph 51 describes the status of a declaratory judgment action that BellSouth filed in the United States District Court for the Northern District of Georgia, challenging an order from the Georgia state commission.  BellSouth respectfully refers the Court to that docket (Case No. 1:06-CV-0162-CC) for its current status, and denies all inconsistent allegations or characterizations.

52.    BellSouth admits that Momentum filed a petition for reconsideration with the PSC on March 7, 2006.

53.    Paragraph 53 seeks to characterize Momentum's petition for reconsideration. BellSouth respectfully refers the Court to that petition for its contents, and denies all inconsistent allegations and characterizations.

54.    Paragraph 54 seeks to characterize Momentum's petition for reconsideration. BellSouth respectfully refers the Court to that petition as the best evidence on this point, and denies all inconsistent allegations and characterizations.

55.    BellSouth admits that on May 2, 2006, the PSC held Momentum's petition in abeyance (Compl. Exh. 5), pending a ruling from the federal district court in Georgia.

56.    Paragraph 56 attempts to characterize the PSC's abeyance order.  BellSouth respectfully refers the Court to that order, and denies all inconsistent allegations or characterizations.

57.    Paragraph 57 consists of legal argument as to which no response is necessary.

58.    Paragraph 58 consists of legal argument as to which no response is necessary.

## CLAIM FOR RELIEF

59.     BellSouth incorporates paragraphs 1-58 as if completely set forth herein.

60.     Paragraph 60 consists of legal argument as to which no response is necessary.  To the extent a response is deemed necessary, BellSouth denies paragraph 60.   BellSouth specifically denies that the PSC has jurisdiction to enforce any obligations under 47 U.S.C. § 271 or to set rates under that provision.

61.     Paragraph 61 consists of legal argument as to which no response is necessary.  To the extent a response is deemed necessary, BellSouth denies paragraph 61.   In addition, BellSouth lacks knowledge or information sufficient to form a belief as to the truth of Momentum's allegations that it is "harmed" by the PSC's actions.

62.     Paragraph 62 consists of legal argument as to which no response is necessary.  To the extent a response is deemed necessary, BellSouth denies paragraph 62.

63.     Paragraph 63 consists of legal argument as to which no response is necessary.  To the extent a response is deemed necessary, BellSouth denies paragraph 63.

64.     Paragraph 64 consists of legal argument as to which no response is necessary.  To the extent a response is deemed necessary, BellSouth denies paragraph 64.   BellSouth specifically denies that this Court can lawfully order the PSC to assume jurisdiction to enforce any obligations under 47 U.S.C. § 271 or to set rates under that provision.

## PRAYER FOR RELIEF

1.     BellSouth denies that plaintiffs are entitled to any relief.

2.     BellSouth denies that plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.  Plaintiffs' claims are further barred by the doctrines of waiver, ripeness, finality, and exhaustion of administrative remedies.  BellSouth reserves the right to assert all additional affirmative defenses pursuant to Federal Rule of Civil Procedure 8.

Respectfully submitted,

s/ Francis B. Semmes_____
FRANCIS B. SEMMES (SEM002)

OF COUNSEL:
BELLSOUTH TELECOMMUNICATIONS, INC.
Suite 28A2
600 No. 19th Street
Birmingham, AL 35203
(205)714-0556

s/ Walter R. Byars_____
WALTER R. BYARS (BYA002)

OF COUNSEL:
STEINER, CRUM & BYARS, P.C.
Post Office Box 668
Montgomery, AL 36101
(334)832-8800

s/Sean A. Lev_____
SEAN A. LEV (D.C. Bar # 449936)

OF COUNSEL:
KELLOGG HUBER HANSON TODD EVANS & FIGEL, P.L.L.C.
Suite 400
1615 M Street, N.W.
Washington, D.C. 20036
(202)326-7975

ATTORNEYS FOR INTERVENOR,
BELLSOUTH TELECOMMUNICATIONS, INC.

11

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Answer to Complaint and Affirmative Defenses of BellSouth Telecommunications, Inc. on all parties of record by E-File transmission or via U.S. Mail on this the 6th day of September, 2006.


James H. McLemore
CAPELL & HOWARD, P.C.
P. O. Box 2069
Montgomery, AL 36101-0078

George H. Nolan
Henry M. Walker
Jonathan D. Rose
BOULT, CUMMINGS, CONNERS & BERRY, PLC
1600 Division Street, Suite 700
P. O. Box 3540025
Nashville, TN 37203

George Scott Morris
Attorney for Alabama Public Service Commission;
Jim Sullivan, Jan Cook, George Wallace, Jr., Commissioners
Alabama Public Service Commission
100 N. Union Street, Suite 836
Montgomery, AL 36104


s/ Walter R. Byars
OF COUNSEL