Exhibit 5

**State Commission Decisions Rejecting Claim of Authority to Implement Section 271**

- Alabama:  Order Dissolving Temporary Standstill, *Competitive Carriers of the South, Inc.*, Docket 29393, 2005 Ala. PUC LEXIS 126, at *42-*43 (Ala. Pub. Serv. Comm'n May 25, 2005) ("With regard to MCI's argument that BellSouth has an independent obligation to provision UNE-P switching pursuant to § 271 of the Telecommunications Act of 1996, we conclude, as did the court in [*BellSouth Telecommunications, Inc. v. Mississippi Pub. Serv. Comm'n*, 368 F. Supp. 2d 557 (S.D. Miss. 2005], that given the FCC's decision 'to not require BOCs to combine § 271 elements no longer required to be unbundled under § 251, it [is] clear that there is no federal right to § 271 based UNE-P arrangements.'  This conclusion is further bolstered by the fact that the ultimate enforcement authority with respect to a regional Bell operating company's alleged failure to meet the continuing requirements of § 271 of the Telecommunications Act of 1996 rests with the FCC and not this Commission. MCI's argument that there is an independent obligation under § 271 to provide UNE-P is accordingly rejected.").

- Arkansas:  Memorandum Opinion and Order, *Petition of Southwestern Bell Telephone, L.P. d/b/a SBC Arkansas for Compulsory Arbitration of Unresolved Issues for a Successor Interconnection Agreement to the Arkansas 271 Agreement ("A2A")*, Docket No. 05-081-U, 2005 Ark. PUC LEXIS 432, at *3-*4 (Ark. Pub. Serv. Comm'n Oct. 31, 2005) ("ICA arbitrations are limited to establishing the rates, terms and conditions to implement the obligations of 47 USC § 251.  This Commission's obligations under Section 271 of the Act are merely advisory to the FCC. . . .  Although SBC should provide the items specified in Section 271 and the *TRO*, this Commission has no jurisdiction to enforce Section 271.").

- Delaware: Arbitration Award, *Petition of Dieca Communications Inc. et al for an Amendment to Interconnection Agreements with Verizon Delaware Inc., Pursuant to Section 252(b) of the Communications Act of 1934, as amended, the Triennial Review Order and the Triennial Review Remand Order*, Docket Nos. 05-164 & 04-68, at 111-12 (Del. Pub. Serv. Comm'n Mar. 24, 2006) ("This arbitration proceeding involves the ICAs changes necessary to implement changes in Verizon's obligations resulting from the TRO and TRRO.  For the most part, these changed obligations are subject to the provisions of § 251 of the Act.  Furthermore, there is no clear indication in either the TRO or TRRO that the FCC expected the states to address any issues beyond that scope, such as potential § 271 obligations, as part of the subsequent § 252 process.  As a result, it is not necessary to address the questions of state authority over § 271 matters in order to resolve the matters that are within the basic scope of the present arbitration proceeding.  Therefore, the ICAs should not include anything related to any claimed § 271 entitlements."), *available at* http://www.state.de.us/delpsc/dockets/0468award.pdf.

- Florida: Order on Generic Proceeding, *Petition to establish generic docket to consider amendments to interconnection agreements resulting from changes in law, by BellSouth Telecommunications, Inc.*, Docket No. 041269-TP, Order No. PSC-06-0172-FOF-TP, at 52 (Fla. Pub. Serv. Comm'n Mar. 2, 2006) ("Upon thorough analysis of FCC orders, the Act, case law, and the record in this proceeding, we find that this Commission does not have authority to require BellSouth to include in § 252 interconnection agreements § 271 elements.  We acknowledge that this is a complex issue, the resolution of which is burdened by the lack of a

clear declaration by the FCC and the existence of a significant, yet inconsistent body of law. However, we find that the regulatory framework set forth by the FCC in both the TRO and the TRRO leads reasonably to the conclusion that jurisdiction over § 271 matters lies with the FCC rather than this Commission."), *available at* http://www.floridapsc.com/library/FILINGS/06/01842-06/01842-06.PDF.

- Idaho:  Order No. 29825, *Petition of Dieca Communications, Inc., d/b/a Covad Communications Co. for Arbitration of an Interconnection Agreement with Qwest Corp.*, Case No. CVD-T-05-1, 2005 Ida. PUC LEXIS 139, at *9 (Idaho Pub. Utils. Comm'n July 18, 2005) ("We conclude that the Commission does not have authority under Section 251 or Section 271 of the Act to order the Section 271 unbundling obligations as part of an interconnection agreement.").

- Illinois:  Arbitration Decision, *Petition for Arbitration Pursuant to Section 252(b) of the Telecommunications Act of 1996 with Illinois Bell Telephone Company to Amend Existing Interconnection Agreements to Incorporate the Triennial Review Order and the Triennial Review Remand Order*, Docket 05-0442, 2005 WL 3359097, at *54 (Ill. Commerce Comm'n Nov. 2, 2005) ("We note that the Commission has no jurisdiction to enforce the provisions of Section 271 absent an agreement.  General jurisdiction would lie only with the FCC. . . .  The Commission rejects CLECs' proposal to update underlying agreements requiring SBC to provide new rates, terms, and conditions for Section 271 elements, apart from any terms agreed to in the underlying agreement.").  *But see* Amendatory Arbitration Decision, *XO Illinois Petition for Arbitration of an Amendment to an Interconnection agreement with Illinois Bell Telephone Company Pursuant to Section 252(b) of the Communications Act of 1934, as Amended,* Docket No. 04-0471, 2004 WL 3050537, at *58-*59 (Ill. Commerce Comm'n Oct. 28, 2004); Order, *Cbeyond Communications et al. v. Illinois Bell Telephone Company*, Case No. 05-0154, 2005 WL 1711981, at [23-26]\* (Ill. Commerce Comm'n June 2, 2005).

- Indiana: Order, *Indiana Utility Regulatory Commission's Investigation of Issues Related to the Implementation of the Federal Communication Commission's Triennial Review Remand Order and the Remaining Portions of the Triennial Review Order*, Cause No. 42857, 2006 WL 618004, at *26 (Ind. Util. Regulatory Comm'n Jan. 11, 2006) (joined "the many courts and commissions that have already held that Section 271 obligations have no place in Section 251/252 interconnection agreement[s] and that state commissions have no jurisdiction to enforce or determine the requirements of Section 271.").

- Iowa:  Arbitration Order, *Arbitration of Dieca Communications, Inc., d/b/a Covad Communications Co. v. Qwest Corp.*, Docket No. ARB-05-1, 2005 Iowa PUC LEXIS 186, at *10 (Iowa Util. Bd., May 24, 2005) ("Clearly, the provisions that are at issue in this arbitration are unbundling obligations pursuant to § 271, rather than § 251 obligations.  Therefore, the Board lacks jurisdiction or authority to require that Qwest include these elements in an interconnection agreement arbitration brought pursuant to § 252.").

---

\* Where necessary, bracketed page numbers refer to the pages of the printed Westlaw version of the cited decision.

- Kansas:  Order No. 13: Commission Order on Phase I, *Petition of CLEC Coalition for Arbitration Against Southwestern Bell Telephone, L.P d/b/a SBC Kansas Under Section 252(b)(1) of the Telecommunications Act of 1996*, Docket No. 05-BTKT-365-ARB, 2005 Kan. PUC Lexis 602, at *2 (Kan. Corp. Comm'n May 16, 2005) ("Where a checklist item is no longer subject to section 251 unbundling, section 252(d)(1) does not operate as the pricing standard. Rather, the pricing of such items is governed by the 'just and reasonable' standard established under sections 201 and 202," which "provide no authority to state commissions to establish prices for services required to be provided pursuant to section 271.") (internal quotation marks omitted).

- Louisiana – Order U-28131 Consolidated With Order U-28356, *In re: Petition to establish generic docket to consider amendments to Interconnection Agreements resulting from changes of law*, Docket Number U-28356, at 3 (Louisiana Pub. Serv. Comm'n Feb. 22, 2006) ("The Commission declines to order BellSouth to include Section 271 elements in Section 252 agreements and further declines to set rates for Section 271 elements."), available by searching for order number at http://204.196.11.47/Workplace/Search.jsp.

- Maryland:  Order No. 79893, *Petition of AT&T Communications of Maryland, Inc. and TCG Maryland for an Order Preserving Local Exchange Market Stability*, Case No. 9026, 2005 MD PSC Lexis 11, at *12 (Md. Pub. Serv. Comm'n Apr. 8, 2005) ("With respect to whether Section 271 provides an independent basis for continued provisioning of switching . . . at TELRIC rates, the Commission notes that Verizon's fulfillment of its Section 271 obligations do not necessitate the provision of Section 251 elements at Section 251 rates.").  *But see* Order No. 80958, *Petition of Verizon Maryland Inc. for Consolidated Arbitration of an Amendment to Interconnection Agreements of Various Competitive Local Exchange Carriers and Commercial Mobile Radio Service Providers Pursuant to Section 252 of the Telecommunications Act of 1996*, Case No. 9023, at 101 (Md. Pub. Serv. Comm'n July 31, 2006) ("The Commission has yet to rule on the matter of its jurisdiction over Verizon's § 271 obligations. Nonetheless, the Commission is not persuaded that there is a connection between the TRO and the proposed Amendment language.  Therefore the Commission rejects the CLEC language and reserves judgment on the issue of its § 271 jurisdiction until, if and when, the issue comes squarely before us."), *available at* http://webapp.psc.state.md.us/Intranet/Casenum/NewIndex3_VOpenFile.cfm?ServerFilePath=C:\CaseNum\9000-9099\9023\125.pdf

- Massachusetts:  Consolidated Order Dismissing Triennial Review Order Investigation and Vacating Suspension of Tariff M.D.T.E. No. 17, *Proceeding by the Department of Telecommunications and Energy on its own Motion to Implement the Requirements of the Federal Communications Commission's Triennial Review Order Regarding Switching for Mass Market Customers*, D.T.E. 03-60, at 55-56 (Mass. Dep't of Telecomms. & Energy Dec. 15, 2004) (Section 271 elements "should be priced, not according to TELRIC, but rather according to the 'just and reasonable' rate standard of Sections 201 and 202 of the Act. . . .  [T]he FCC has the authority to determine what constitutes a 'just and reasonable' rate under Section 271, and the FCC is the proper forum for enforcing Verizon's Section 271 unbundling obligations. . . . [W]e do not have authority to determine whether Verizon is complying with its obligations under Section 271."), *available at* http://www.mass.gov/dte/telecom/03-60/1215conord.pdf.

3

- Montana: Final Order, *Petition of Dieca Communications, Inc., d/b/a Covad Communications Company for Arbitration of an Interconnection Agreement with Qwest Corporation*, Docket No. D2005.4.51, Order No. 6647a, 2006 Mont. PUC LEXIS 11, at *4-*7 (Mont. Pub. Serv. Comm'n Jan. 8, 2006) ("Although § 271 makes passing references to certain provisions of §§ 251 and 252, there is no indication that § 271 was intended to be part of the §§ 251/252 arbitration regime. . . . Covad is effectively precluded from using a § 252 arbitration to obtain an unbundling of § 271 network elements. . . . [T]o the extent that Qwest has not fulfilled this [§ 271] obligation, Covad may pursue its administrative remedies with the FCC.").

- New Jersey: Telecommunications Order, *Petition of Verizon New Jersey Inc. for Arbitration of an Amendment to Interconnection Agreements with Competitive Local Exchange Carriers in New Jersey Pursuant to Section 252 of the Communications Act of 1934, as Amended, the Triennial Review Order and the Triennial Review Remand Order*, Docket No. TO05050418, at 14 (New Jersey Bd. of Pub. Utils. Mar. 16, 2006) ("The Board declines to require separate unbundling under sections 251, 252 and 271 of the Act, . . . and disagrees with the need to institute any additional rate review proceedings at this time."), *available at* http://www.nj.gov/bpu/wwwroot/telco/TO05050418_20060327.pdf.

- North Carolina: Order Concerning Changes of Law, *Proceeding to Consider Amendments to Interconnection Agreements Between BellSouth Telecommunications, Inc. and Competing Local Providers Due to Changes of Law*, 2006 N.C. PUC LEXIS 230, Docket No. P-55, SUB 1549, at 86 (N.C. Util. Comm'n Mar, 1, 2006) ("The Commission after careful consideration concludes that the Commission lacks the authority to compel BellSouth to include Section 271 UNEs in its Section 251/252 ICAs, nor does the Commission believe it has the authority to establish rates for such elements.").

- North Dakota: Order, *Dieca Communications, Inc. Interconnection Arbitration*, Case No. PU-05-165, 2006 N.D. PUC LEXIS 3, at *22-*23 (N.D. Pub. Utils. Comm'n Feb. 8, 2006) ("We find that we do not have the authority under the Act to impose unbundling obligations under Section 271. The FCC has the exclusive authority to determine whether Qwest has complied with the substantive provisions of Section 271 including the checklist provisions. Enforcement of Section 271 requirements is also clearly under the exclusive jurisdiction of the FCC. State commissions have only a consulting role under the Act.").

- Ohio: Arbitration Award, *Establishment of Terms and Conditions of an Interconnection Agreement Amendment Pursuant to the Federal Communications Commission's Triennial Review Order and its Order on Remand*, Case No. 05-887-TP-UNC, 2005 WL 3018712, at [20] (Ohio Pub. Utils. Comm'n Nov. 9, 2005) (rejecting CLEC arguments that "they are entitled to purchase § 271 checklist items pursuant to § 252 agreements," and holding that "these obligations should be addressed in the context of carrier-to-carrier agreements, and not § 252 interconnection agreements, inasmuch as the components will not be purchased as network elements").

- Oregon: Order Adopting Arbitrator's Decision, *Covad Communications Co. Petition for Arbitration of an Interconnection Agreement with Qwest Corp.*, ARB 584, 2005 Ore. PUC LEXIS 445, at *36 (Ore. Pub. Util. Comm'n Sept. 6, 2005) ("Every state within the Qwest

4

operating region that has examined this issue has done so in a thoughtful, thorough and well-reasoned manner. In each case, the agency with the authority to review the Covad/Qwest ICA dispute has found that there is no legal authority requiring the inclusion of Section 271 UNEs in an interconnection agreement subject to arbitration under Section 251 of the Act, and I adopt the legal conclusions that they all hold in common.").

- Pennsylvania:  Opinion and Order, *Verizon Pennsylvania Inc. Tariff No. 216 Revisions*, Docket No. P-00042092, 2005 Pa. PUC LEXIS 9, at *42 (Pa. Pub. Util. Comm'n June 2, 2005) ("We believe that the enforcement responsibilities of Section 271 compliance lies with the FCC. Therefore, the Commission will not oblige Verizon PA to produce tariff amendments that reflect its Section 271 obligations.  However, the Commission will continue to monitor Verizon PA's compliance with its Section 271 obligations and, if necessary, initiate appropriate complaint proceedings before the FCC.").

- Rhode Island:  Report and Order, *Verizon-Rhode Island's Filing of February 18, 2005 to Amend Tariff No. 18*, Docket No. 3662, 2005 WL 3971406, at *5 (R.I. Pub. Utils. Comm'n July 28, 2005) ("The FCC has not clearly indicated what role, if any, a state utility commission plays in the Section 271 process other than providing a consultation to the FCC on a Bell Operating Company's ('BOC') initial application to enter the long distance market.  In fact, the FCC recently indicated it has the authority to enforce Section 271.  In addition, the FCC has clearly stated that it will undertake a 'fact-specific inquiry' as to whether a BOC's rates for Section 271 facilities are just and reasonable under Section 201 and 202.  At this time, it is apparent to the Commission that at the bistro serving up the BOCs' wholesale obligations, the kitchen door numbered 271 is for 'federal employees only.'").

- South Carolina: Commission Directive, *Petition of BellSouth Telecommunications, Inc. to Establish Generic Docket to Consider Amendments to Interconnection Agreements Resulting from Changes of Law*, Docket No. 2004-316-C (S.C. Pub. Serv. Comm'n Feb. 28, 2006) (Commission vote to accept following motion:  "The first category of issues would be the 271-related issues:  With regard to Issue 8 (a), I move that we adopt the BellSouth position, along with the proposed Office of Regulatory Staff reporting requirements. Disputes regarding 271 issues would be reported to both the Commission and ORS.  Issues 8 (b) and 8 (c) would then be declared moot.  I further move that we adopt BellSouth's reasoning for Issues 14, 17, 18, and 22."), *available at* http://dms.psc.sc.gov/attachments/B6C82725-D7D8-9648-DE003D8F79E35898.pdf.

- South Dakota:  Arbitration Order, *Petition of DIECA Communications, Inc. D/B/A Covad Communications Company for Arbitration of an Interconnection Agreement with Qwest Corporation*, Docket TC05-056, at 6 (S.D. Pub. Utils. Comm'n July 26, 2005) ("With respect to the section 271 issue, the Commission finds that it does not have the authority to enforce section 271 requirements within this section 252 arbitration. . . . The language in [section 252] clearly anticipates that Section 252 arbitrations will concern section 251 requirements, not section 271 requirements."), *available at* http://www.state.sd.us/puc/commission/orders/telecom/2005/tc05-056ao.pdf.

- Texas:  Arbitration Award – Track II Issues, *Arbitration of Non-Costing Issues for Successor Interconnection Agreements to the Texas 271 Agreement*, Docket No. 28821, at 18-19 (Tex. Pub. Util. Comm'n June 17, 2005) (holding that the 1996 Act "provides no specific authorization for the Commission to arbitrate section 271 issues;" that "Section 271 only gives states a consulting role in the 271 application/approval process"; that a state commission "does not have direct oversight over section 271 network elements; and that and the "review of section 271 pricing" is limited to "proceedings at the FCC, as well").

- Utah:  Arbitration Report and Order, *Petition of DIECA Communications, Inc. d/b/a Covad Communications Company, for Arbitration to Resolve Issues Relating to an Interconnection Agreement with Qwest Corporation*, Docket No. 04-2277-02, 2005 WL 578197, at *9 (Utah Pub. Serv. Comm'n Feb. 8, 2005) ("[W]e differ with Covad in its belief that we should therefore impose Section 271 and state law requirements in the context of a Section 252 arbitration.  Section 252 was clearly intended to provide mechanisms for the parties to arrive at interconnection agreements governing access to the network elements required under Section 251. Neither Section 251 nor 252 refers in any way to Section 271 or state law requirements, and certainly neither section anticipates the addition of new Section 251 obligations via incorporation by reference to access obligations under Section 271 or state law.").

- Vermont: Order, *Petition of Verizon New England, Inc., d/b/a/ Verizon Vermont, for Arbitration of an Amendment to Interconnection Agreements*, Docket No. 6932, at 247, 264 (Vt. Pub. Serv. Comm'n Feb. 27, 2006) ("As Verizon points out, enforcement of Section 271 obligations rests largely with the FCC. Thus, for issues related to whether Verizon still complies with a particular checklist item, recourse would be to the FCC. . . .  However, to the extent that Verizon made specific commitments to the state of Vermont during the Section 271 process, and asked the state to rely upon those commitments, the Company's agreement represents a binding arrangement enforceable by the Board."), *available at* http://www.state.vt.us/psb/orders/2006/files/6932fnl.pdf.

- Washington:  Arbitrator's Report and Decision, *Petition for Arbitration of an Amendment to Interconnection Agreements of Verizon Northwest Inc.*, Docket No. UT-043013, Order No. 17, at 25 (Wash. Utils. & Transp.Comm'n July 8, 2005) (holding that, because "[t]he FCC has the exclusive authority to act under Section 271," state commissions "ha[ve] no authority under Section 252 or Section 271 of the Act to require inclusion of Section 271 unbundling obligations in the parties' interconnection agreements," and "[a]n order requiring [such] inclusion . . . would conflict with the federal regulatory scheme"), *aff'd*, Final Order, *Petition for Arbitration of an Amendment to Interconnection Agreements of Verizon Northwest Inc.*, Docket No. UT-043013, Order No. 18 (Wash. Utils. & Transp. Comm'n Sept. 22, 2005), available by searching for order at http://www.wutc.wa.gov/documents.

- Washington, D.C.:  Order, *Petition of Verizon Washington, D.C. for Arbitration Pursuant to Section 252(b) of the Telecommunications Act of 1996*, TAC-19, at 34 (D.C. Pub. Serv. Comm'n Dec 15, 2005) ("[T]hroughout the *TRO*, the FCC limits its discussion of the section 252 interconnection agreement process to apply to implementing section 251.  The FCC has also determined that the section 271 unbundling obligations are independent of the unbundling obligations of section 251.  Thus, there is no requirement that section 271 network elements be

6

addressed in interconnection agreements negotiated and arbitrated pursuant to section 252."), *available at* http://www.dcpsc.org/pdf_files/commorders/orderpdf/orderno_13836_TAC-19.pdf.

- Wisconsin: Final Decision, *Petition of MCImetro Access Transmission Services, LLC and MCI WorldCom Communications, Inc. for Arbitration of Interconnection Terms and Conditions and Related Arrangements with Wisconsin Bell, Inc., d/b/a SBC Wisconsin Pursuant to 47 U.S.C. § 252(b)*, No. 05-MA-138, 2006 WL 2434198, at [35] (Wisc. Pub. Serv. Comm'n May 16, 2006) ("It is not disputed that this Commission has a limited role in the investigation and approval of applications for in-region interLATA authority under § 271. . . . The Act assigns to the FCC the authority to enforce § 271. Nor does adding contract language regarding a § 271 unbundling obligation create a remedy at the state level. The FCC retains primary jurisdiction over the terms of its § 271 orders. . . . In sum, there is no effective remedy available at the state level if MCI were to complain that AT&T failed to comply with an unbundling obligation ordered under § 271.").

7