<u>**Petition of WorldCom, Inc.**</u>
<u>**Pursuant to Section 252(e)(5) of the Communications Act...,**</u>
**Memorandum Opinion and Order,**
**20 F.C.C.R. 5279 (2005)**
*(First page)*

Westlaw.

20 F.C.C.R. 5279, 20 FCC Rcd. 5279, 2005 WL 590012 (F.C.C.)
(Cite as: 20 F.C.C.R. 5279, 20 FCC Rcd. 5279, 2005 WL 590012 (F.C.C.))

Page 1

20 F.C.C.R. 5279, 20 FCC Rcd. 5279, 2005 WL 590012 (F.C.C.)

Federal Communications Commission (F.C.C.)
Memorandum Opinion and Order

**\*1** IN THE MATTER OF PETITION OF WORLD-COM, INC. PURSUANT TO SECTION 252(E)(5) OF THE COMMUNICATIONS ACT FOR PREEMPTION OF THE JURISDICTION OF THE VIRGINIA STATE CORPORATION COMMISSION REGARDING INTERCONNECTION DISPUTES WITH VERIZON VIRGINIA INC., AND FOR EXPEDITED ARBITRATION
CC Docket No. 00-218

PETITION OF AT&T COMMUNICATIONS OF VIRGINIA INC., PURSUANT TO SECTION 252(E)(5) OF THE COMMUNICATIONS ACT FOR PREEMPTION OF THE JURISDICTION OF THE VIRGINIA CORPORATION COMMISSION REGARDING INTERCONNECTION DISPUTES WITH VERIZON VIRGINIA INC.
CC Docket No. 00-251
DA 05-658

Adopted: March 11, 2005
Released: March 11, 2005

**\*5279** By the Chief, Wireline Competition Bureau:**\*5280**
I. INTRODUCTION

1. On August 28, 2003, the Wireline Competition Bureau (Bureau), acting through authority expressly delegated by the Commission and standing in the stead of the Virginia State Corporation Commission (Virginia Commission),FN[FN1] issued a decision resolving all pricing issues arising under the petitions for arbitration of interconnection agreements between Verizon Virginia, Inc. (Verizon) and AT&T Communications of Virginia, Inc. (AT&T) and Verizon and WorldCom, Inc. (WorldCom)FN[FN2] and requiring the parties to submit compliance filings.FN[FN3] On January 29, 2004 the Bureau issued a decision resolving all outstanding issues pertaining to the parties' compliance filings and establishing the rates that Verizon may charge AT&T/WorldCom for unbundled network elements (UNEs), interconnection, and resale.FN[FN4] In the *Compliance Order*, the Bureau instructed the parties to incorporate the rates set forth therein and any other mutually agreed upon rates - and only those rates - into an amendment to their respective interconnection agreements.FN[FN5] We required the parties to submit these amendments for approvalFN[FN6] pursuant to section 252(e)(1) of the Telecommunications Act of 1996 (1996 Act).FN[FN7]

**\*5281** 2. In this Memorandum Opinion and Order (Order), the Bureau, again acting pursuant to authority delegated by the Commission,FN[FN8] resolves yet more pricing issues raised by the parties in the above-captioned consolidated arbitration proceeding. Despite our prior orders that (1) resolved all of the pricing issues previously raised by the parties,FN[FN9] (2) specifically set the rates that Verizon may charge AT&T/WorldCom for UNEs, interconnection, and resale,FN[FN10] (3) provided clear direction to the parties about how to implement these rates,FN[FN11] and (4) granted two extensions of time for the parties to submit the implementing amendments to their respective interconnection agreements,FN[FN12] the parties have requested that we resolve an additional fourteen pricing issues. On March 24, 2004, the parties jointly filed their respective proposed pricing amendments. The pricing schedule exhibits to these amendments include competing proposals with respect to each disputed issue. The parties also filed a joint decision point list (JDPL) that identifies each of these new issues and summarizes the parties' positions.FN[FN13]

**\*\*2** 3. In this Order, we resolve these new issues in a manner consistent with our prior orders in these proceedings.FN[FN14] First, we continue to apply the "baseball" arbitration rules.FN[FN15] Second, we address **\*5282** only those issues arising directly from our decisions in the *Cost Order* and the *Compliance Order*.FN[FN16] To determine whether an issue has been properly raised, we rely on the criteria set forth in the *Compliance Order*:

> The parties shall include in their [interconnection agreement] amendments only the rates identified in Appendix A [of the *Virginia Arbitration Compliance Order*] and any other mutually agreed upon rates. *No party may submit in these amendments any proposed rate that is not either contained in Appendix A or otherwise mutually agreed to by the parties to the underlying interconnection agreement.*FN[FN17]