# Exhibit 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MOMENTUM TELECOM, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALABAMA PUBLIC SERVICE )<br>COMMISSION, )<br>)<br>JIM SULLIVAN, in his capacity as a President )<br>of the Alabama Public Service Commission, )<br>)<br>JAN COOK, in her capacity as a )<br>Commissioner of the Alabama Public Service )<br>Commission, and )<br>)<br>GEORGE C. WALLACE, JR., in his capacity )<br>as a Commissioner of the Alabama Public )<br>Service Commission )<br>)<br>Defendants. )<br>) | Civil Action No. 2:06-cv-00577-WKW |

**SUPPLEMENTAL AUTHORITY IN SUPPORT OF
COMPLAINT FOR DECLARATORY JUDGMENT**

The plaintiff, Momentum Telecom, Inc. ("Momentum"), respectfully submits the following supplemental authority in support of Momentum's Complaint for Declaratory Judgment.

The briefing process on the issues presented in Momentum's Complaint for Declaratory Judgment was closed with the filing of Momentum's Reply Brief [Docket No. 35] on November 29, 2006. Over the last month, however, two significant pieces of persuasive authority have been published, both of which support Momentum's legal position in this action.

First, a federal circuit court has weighed in on the interplay between Sections 252 and 271 of the Telecommunications Act, the key issue before this Court.  In Qwest Corp. v. Public Utilities Comm'n of Colorado, ___ F.3d ___, 2007 WL 646147 (10th Cir. Mar. 5, 2007), the Tenth Circuit considered both the obligation of an incumbent local exchange carrier (an "ILEC", such a BellSouth/AT&T in the present case) to offer interconnection services under Section 251 of the Telecommunications Act and its related obligation to offer those services under Section 271.

In Qwest, the Tenth Circuit described how Quest (a Bell holding company) and MCImetro (a competitive local exchange carrier or "CLEC") had entered into a commercial agreement under which Quest would provide switching services to MCImetro.  See Qwest, at *5.  Quest admittedly had proposed the commercial agreement in order to fulfill its statutory obligation under Section 271 to offer switching services.  See id.  MCImetro then submitted the commercial agreement to the Colorado Public Service Commission for approval.  See id.  Quest objected that the state commission had no authority to approve or disapprove the contract.  See id.  The Colorado PSC, however, held that MCImetro had acted properly and that the federal Telecommunications Act required the parties to submit the contract to the commission for review and approval. See id.  Meanwhile, the same issue also arose between the same two parties before the Utah Public Service Commission, which agreed with Colorado PSC. See id.  Quest appealed both decisions and the cases were heard together by the Tenth Circuit.

The Tenth Circuit held that the commercial agreements offered by Qwest to fulfill its Section 271 obligations are indeed subject to state jurisdiction.  In doing so, the Tenth Circuit stated as follows:

> the requirements of § 271 and § 251 are not mutually exclusive. Indeed, the competitive checklist in § 271 specifically requires Qwest to comply with the obligations in § 251(c)(2) and (3). *See id.* § 271(c)(2)(B).  All interconnection agreements that fulfill the

> duties imposed by § 251(c)(2) or (3) necessarily fulfill competitive checklist obligations, as well. The QPP Agreement [between Qwest and MCImetro] may well have been intended to satisfy the requirements of § 271, but this has no bearing on whether the agreement should also be considered an interconnection agreement under § 252.
>
> . . .
>
> As argued by MCImetro, the agreement, which relates to mass market switching and shared transport, is an agreement for "network elements," even if they are provided under § 271 of the Act.. . . As an interconnection agreement, it must be filed under § 252(e)(1). <u>Indeed, we believe that all agreements which set forth ongoing obligations which relate to interconnection and unbundled network elements must be filed with this [state] Commission pursuant to § 252(e)(1)</u>.

<u>Id.</u> at *12 (emphasis added). Thus, a federal court of appeals has now specifically rejected the argument made by BellSouth/AT&T in this case that Sections 252 and 271 are unrelated and that a Bell Operating Company's (BOC's) obligation to offer unbundled network elements pursuant to Section 271 exists independently of the BOC's obligations under Section 251 and outside the jurisdiction of the state commission.

Even more recently, the Kentucky Public Service Commission issued a order that is four square with Momentum's arguments on the merits of this case. That Order is titled <u>In the Matter of Petition of Southeast Telephone, Inc. for Arbitration of Certain Terms and Conditions of Proposed Agreement with BellSouth Telecommunications, Inc. Concerning Interconnection under the Telecommunications Act of 1996</u>, Before the Kentucky Public Service Commission, Case No. 2006-00316 (the "Kentucky Order"), a copy of which is attached. In the Kentucky Order, in the context of a Section 252 arbitration proceeding, the Kentucky PSC considered whether or not its state law power to set rates for elements required by 47 U.S.C. § 271 had been

preempted by the FCC or the Telecommunications Act. AT&T Kentucky (formerly BellSouth) argued the following, as BellSouth/AT&T[1] has in this case:

> AT&T Kentucky asserts that elements required by 47 U.S.C. § 271 are within the exclusive jurisdiction of the FCC. Further, AT&T Kentucky asserts that this Commission has no authority to establish a specific rate pursuant to 47 U.S.C. § 271 as rates for those facilities must be market-based.

Kentucky Order, p. 6. The Kentucky PSC rejected AT&T Kentucky's argument, holding neither the Telecommunications Act nor any pronouncement of the FCC had preempted the PSC's state law rate-setting authority. Specifically, the Kentucky PSC stated:

> Network facilities used by AT&T Kentucky to provide access to its competitors pursuant to § 271 are located within this Commonwealth and are used to provide intrastate service. The Commission has jurisdiction over these facilities and services. Nothing in § 271 or in any FCC Order deprives this Commission of jurisdiction over those elements required by AT&T Kentucky to provide as a continuing condition of entry into the in-region long-distance market. The FCC has not pre-empted this Commission from enforcing the requirements of § 271. AT&T Kentucky cannot point to any statutory or regulatory language declaring such pre-emption. The Commission's jurisdiction extends to pricing disputes regarding those elements required to be provided by AT&T Kentucky pursuant to § 271.

Id., p. 6-7.

Thus, the Kentucky Order is further authority for Momentum's argument that the Louisiana PSC's state law authority to set rates for Section 271 network elements has not been preempted by federal law.

---

[1] On February 7, 2007, BellSouth filed a Supplemental Rule 7.1(b)(2) Corporate Disclosure Statement [Docket No. 36], announcing that it is now a subsidiary of AT&T.

- 4 -

        Respectfully submitted,

        s/ James. H. McLemore
        James H. McLemore (MCL014)
        *Attorney for Momentum Telecom, Inc.*

**OF COUNSEL:**

CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
P.O. Box. 2069 (36101-0078)
Montgomery, Alabama 36102
(334) 241-8058

        Henry M. Walker (Tenn. Reg. No. 000272)
        George H. Nolan (Tenn. Reg. No. 014974)
        Jonathan D. Rose (Tenn. Reg. No. 020967)

**OF COUNSEL:**

BOULT, CUMMINGS, CONNERS & BERRY, PLC
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203
(615) 252-2348

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically served a copy of the foregoing with the Clerk of the Court, U.S. District Court, Middle District of Alabama, Northern Division, on this the 10th day of April, 2007, using the CM/ECF System which will send notification of such filing to the following counsel of record listed herein below, or by depositing a copy of same in United States mail, first-class postage prepaid and properly addressed to:

| | |
|---|---|
| Hon. George Scott Morris<br>Alabama Public Service Commission<br>100 N. Union Street, Suite 836<br>Montgomery, AL 36104 | Hon. Francis B. Semmes<br>BellSouth Telecommunications, Inc.<br>3196 Highway 280 South<br>Room 304-N<br>Birmingham, AL 35243 |
| Hon. Walter R. Byars<br>Steiner, Crum & Byars, P.C.<br>P. O. Box 668<br>Montgomery, AL 36101 | Hon. Sean A. Lev<br>Kellogg Huber Hanson Todd Evans & Figel<br>Sumner Square, Suite 400<br>1615 M Street NW<br>Washington, D.C. 20036 |

                          s/James H. McLemore
                          OF COUNSEL