**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| MOMENTUM TELECOM, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) No. 2:06-CV-577-WKW |
| ALABAMA PUBLIC SERVICE COMMISSION, et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |
| | ) |

**BELLSOUTH'S RESPONSE TO
PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

                            FRANCIS B. SEMMES (SEM002)
                            BellSouth Telecommunications, Inc.
                            Suite 28A2
                            600 No. 19th Street
                            Birmingham, AL 35203
                            (205) 714-0556

                            WALTER R. BYARS (BYA002)
                            Steiner, Crum & Byars, P.C.
                            Post Office Box 668
                            Montgomery, AL 36101
                            (334) 832-8800

                            SEAN A. LEV (D.C. Bar # 449936)
                            Kellogg, Huber, Hansen ,Todd
                               Evans & Figel, P.L.L.C.
                            Suite 400
                            1615 M Street, N.W.
                            Washington, D.C. 20036
                            (202) 326-7975

May 4, 2007

Pursuant to the Court's Order of April 20, 2007, Intervenor BellSouth Telecommunications, Inc. ("BellSouth") respectfully files this response to Momentum Telecom, Inc.'s Supplemental Authority in Support of Complaint for Declaratory Judgment, filed on April 10, 2007 ("Supp. Auth.").[1]  The authorities cited by Momentum do not support its arguments in this case.

Most importantly, the recent decision of the Tenth Circuit in *Qwest Corp. v. Public Utilities Commission*, Nos. 06-1132 & 06-4021, 2007 WL 646147 (10th Cir. Mar. 5, 2007), is actually contrary to Momentum's position in this case.  The issue in *Qwest Corp.* was whether the Colorado and Utah Commissions properly asserted authority to *approve* a *voluntarily* negotiated agreement between Qwest and a competitor, MCImetro, that allegedly did not relate to obligations under section 251.  *See Qwest Corp.*, slip op. at 12 (discussing how Qwest and MCImetro voluntarily "reached two new agreements," one of which was "at issue in this case" and stating that both state commissions rejected Qwest motions to dismiss agreement-approval proceedings).  The Tenth Circuit concluded that state commissions do have such approval authority.  *See id.* at 16-32.[2]

Contrary to Momentum's claims, that holding does not address the "key issue before this Court."  Supp. Auth. at 1-2.  The issue here is not whether the Alabama PSC can require filing and approval of a negotiated agreement, but rather whether it can *impose* obligations that are allegedly designed to implement section 271.  Indeed, as BellSouth has explained, a central flaw in Momentum's arguments throughout has been its confusion of state commission authority to approve negotiated agreements with state commission authority to impose terms and conditions

---

[1] BellSouth filed a substantially identical response on April 17, 2007, *see* Docket Entry No. 40, but is refiling this document in response to the Court's order out of an abundance of caution.

[2] BellSouth does not concede that the Tenth Circuit decision is correct on this point.

allegedly designed to implement section 271.  *See* BellSouth Telecommunications, Inc.'s Memorandum of Law in Opposition to Momentum Telecom, Inc.'s Brief, at 14-15 (filed Oct. 24, 2006) ("BellSouth Mem.").

Moreover, the Tenth Circuit in fact concluded in *Qwest* that state commissions *cannot* impose obligations designed to implement section 271.  The court of appeals specifically distinguished between "negotiation" and "arbitration" and made clear that a state commission's "*arbitration power cannot extend beyond the four corners of § 251.*"  Slip op. at 29 (emphasis added); *see also MCI Telecomms. Corp. v. BellSouth Telecomms., Inc.*, 298 F.3d 1269, 1274 (11th Cir. 2002) (confirming that state authority in arbitration process is limited to implementing § 251).  The Tenth Circuit's conclusion that state commissions cannot impose obligations that "extend beyond" section 251 strongly supports BellSouth's arguments here that the Alabama PSC should not purport to implement section 271.

It is notable that the Colorado Commission, whose order the Tenth Circuit affirmed in *Qwest*, has recently concluded that, regardless of its authority to approve negotiated agreements, it cannot impose obligations designed to ensure compliance with section 271.  *See* Order on Commission Jurisdiction, *Review of Certain Wholesale Rates of Qwest Corp.*, Decision No. C06-1280, Docket No. 04M-111T, ¶¶ 41-51 (Colo. PUC Oct. 31, 2006) (Exh. A hereto), *recon. denied*, Decision No. C06-1481 (Colo. PUC Dec. 22, 2006) (Exh. B hereto).  The Colorado Commission emphasized that the fact that "agreements addressing Section 271 elements must be filed with state commissions for approval . . . does not open the door for state commission pricing of these elements" and held that it "may not review wholesale rates for Section 271 elements."  Decision C06-1280, ¶¶ 50, 51; *see also id.* ¶ 48 (disagreeing with the Maine federal court decision relied upon by Momentum here and holding that, because "Congress chose to give

2

rate authority to states only regarding Section 251-52 elements, we believe that state commissions are so restricted, and may not seek to extend their authority to Section 271 elements"); and Arbitration Report and Order, *Petition of DIECA Communications, Inc. d/b/a Covad Communications Company*, Docket No. 04-2277-02, 2005 WL 578197, at *9 (Utah PSC Feb. 8, 2005) ("[W]e differ with Covad in its belief that we should therefore impose Section 271 and state law requirements in the context of a Section 252 arbitration. Section 252 was clearly intended to provide mechanisms for the parties to arrive at interconnection agreements governing access to the network elements required under Section 251. Neither Section 251 nor 252 refers in any way to Section 271 or state law requirements . . . .").

In sum, both the Tenth Circuit and the Colorado Commission have relied on a distinction that strongly supports BellSouth, not Momentum, on the issues before this Court.

Momentum also discusses a recent decision of the Kentucky Public Service Commission. *See* Supp. Auth. at 3-4. In fact, that decision represents a distinct minority view, as at least 26 state commissions outside of Alabama and four federal courts have all rejected the claim that state commissions can implement § 271. *See* BellSouth Mem. at 11-14 & Exh. 5 (collecting authorities). Moreover, the Kentucky PSC's most recent decision does nothing more than reiterate an earlier 2006 decision that is currently on appeal (*see* Docket No. 06-65-KKC, Eastern District of Kentucky). Given that Momentum already cited and attached that 2006 Kentucky PSC decision to its initial brief (*see* Momentum Brief in Support of Complaint for Declaratory Judgment at 5 & Exh. 2 (filed Sept. 2, 2006)), the Kentucky PSC's most recent decision adds no weight to Momentum's argument.

3

Respectfully submitted,

|  |  |
|---|---|
|  | s/ Francis B. Semmes_____ |
| OF COUNSEL: | FRANCIS B. SEMMES (SEM002) |
| BELLSOUTH TELECOMMUNICATIONS, INC. |  |
| Suite 28A2 |  |
| 600 No. 19th Street |  |
| Birmingham, AL 35203 |  |
| (205) 714-0556 |  |
|  | s/ Walter R. Byars_____ |
| OF COUNSEL: | WALTER R. BYARS (BYA002) |
| Steiner, Crum & Byars, P.C. |  |
| Post Office Box 668 |  |
| Montgomery, AL 36101 |  |
| (334) 832-8800 |  |
|  | s/Sean A. Lev_____ |
| OF COUNSEL: | SEAN A. LEV (D.C. Bar # 449936) |
| Kellogg, Huber, Hansen, Todd, |  |
|   Evans & Figel, P.L.L.C. |  |
| Suite 400 |  |
| 1615 M Street, N.W. |  |
| Washington, D.C. 20036 |  |
| (202) 326-7975 |  |
|  | Attorneys for Intervenor BellSouth Telecommunications, Inc. |

4

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the above and foregoing pleading has been served upon the following listed persons by CM/ECF electronic filing, this 4th day of May, 2007.

George Scott Morris
Alabama Public Service Commission
100 N. Union Street
Suite 836
Montgomery, AL 36103

George H. Nolan
Henry M. Walker
Jonathan D. Rose
Boult, Cummings, Conners & Berry, PLC
1600 Division Street
Suite 700
P.O. Box 340025
Nashville, TN 37205

James H. McLemore
Capell Howard PC
PO Box 2069
Montgomery, AL 36102-2069

             s/ Sean A. Lev_____
             Sean A. Lev (D.C. Bar # 449936)