# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| MOMENTUM TELECOM, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) No. 2:06-CV-577-WKW |
| ALABAMA PUBLIC SERVICE COMMISSION, et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |
| | ) |

**BELLSOUTH TELECOMMUNICATIONS, INC.'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor BellSouth Telecommunications, Inc. ("BellSouth") respectfully submits the

decision in *Qwest Corp. v. Arizona Corporation Commission*, No. CV 06-1030-PHX-ROS (D.

Ariz. July 17, 2007) (attached as Exhibit 2 to BellSouth's Motion for Permission to File Notice

of Supplemental Authority), in support of its position that the Court should deny Momentum's

requested relief in this case.

In *Qwest*, the Arizona commission, in connection with an arbitration conducted pursuant

to 47 U.S.C. § 252, "included provisions in the [resulting interconnection agreement] that

defined [the ILEC's] interconnection and access obligations under Section 271" of the

Telecommunications Act of 1996, Pub. L. No. 104-104, 110 Stat. 56 (codified at 47 U.S.C.

§§ 151 *et seq.* ("1996 Act"). *Qwest,* slip op. at 4. The commission had also purported to set

rates for those facilities. *See id.* at 5. In other words, the commission's decision had granted the

same kind of relief that Momentum has sought here. *See* Momentum Compl. ¶ 64 (asking this

Court to declare that the Alabama Commission "may set rates for Section 271 elements and may

require BellSouth to include Section 271 elements in its interconnection agreements"). In

finding that the Arizona commission's decision violated federal law and should be enjoined, the

federal court reached a number of conclusions of direct relevance to this case.

*First*, in joining what it properly understood to be the "the majority of the courts" that

have concluded that state commissions lack authority to implement or enforce section 271, *see*

*Qwest*, slip op. at 1, the *Qwest* court explained that "[r]egulating local telecommunications

competition under the 1996 Act" is an "activity in which . . . state commissions are not entitled

to engage *except by express leave of Congress*." *Id.* at 9 (emphasis added). Thus, as the federal

court reiterated, "the scope of the [Arizona Commission's] role in regulating local competition

and [the Arizona Commission's] participation in 271 Application proceedings is *measured by*

*federal law*." *Id.* at 10 (emphasis added).

*Second*, applying that understanding, the Arizona federal court held that federal law

granted no authority for state commissions *to impose* obligations intended to implement section

271. In particular, the court stressed that in 47 U.S.C. § 252, the only statutory provision that

authorizes state commission to conduct arbitrations and thus to impose obligations in instances

where the parties do not voluntarily agree on terms, "there is no mention of Section 271, and . . .

under Section 271, the [state commission]'s role is defined as only an advisor to the FCC."

*Qwest*, slip op. at 10. Therefore, under "the plain terms of the statute, the [state commission]

cannot *impose* Section 271 requirements in[] an arbitrated [interconnection agreement] under

Section 252." *Id.* (emphasis added). In reaching that holding, the court specifically noted that it

found "unpersuasive" the reasoning in *Verizon New England Inc. v. Maine Public Utilities*

*Commission*, 441 F. Supp. 2d 147 (D. Me. 2006), on which Momentum has relied here. *See*

*Qwest*, slip op. at 8 n.11; *cf.* Momentum Br. at 6-8 (filed Sept. 22, 2006) (relying on Maine case).

*Third*, the *Qwest* court also held that because the state commission lacked "authority or jurisdiction to impose Section 271 requirements," the commission therefore could not have "authority to set the *prices* for those Section 271 elements." *Qwest*, slip op. at 13 (emphasis added).

Thus, the Arizona court's order supports BellSouth's argument that the Alabama PSC acted lawfully in declining to regulate rates for facilities that must be made available only under section 271, and  not under section 251.  *See* BellSouth Mem. of Law at 10-16, 21-25 (filed Oct. 24, 2006).

Respectfully submitted,


OF COUNSEL:
BELLSOUTH TELECOMMUNICATIONS, INC.
Suite 28A2
600 No. 19th Street
Birmingham, AL 35203
(205) 714-0556

s/ Francis B. Semmes_____
FRANCIS B. SEMMES (SEM002)


OF COUNSEL:
Steiner, Crum & Byars, P.C.
Post Office Box 668
Montgomery, AL 36101
(334) 832-8800

s/ Walter R. Byars_____
WALTER R. BYARS (BYA002)


OF COUNSEL:
Kellogg, Huber, Hansen, Todd,
   Evans & Figel, P.L.L.C.
Suite 400
1615 M Street, N.W.
Washington, D.C. 20036
(202) 326-7975

s/Sean A. Lev_____
SEAN A. LEV (D.C. Bar # 449936)


Attorneys for Intervenor BellSouth
Telecommunications, Inc.