UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MOMENTUM TELECOM, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALABAMA PUBLIC SERVICE COMMISSION, | ) |
| | ) |
| JIM SULLIVAN, in his capacity as a President of the Alabama Public Service Commission, | ) Civil Action No. 2:06-cv-00577-WKW |
| | ) |
| JAN COOK, in her capacity as a Commissioner of the Alabama Public Service Commission, and | ) |
| | ) |
| SUSAN D. PARKER, in her capacity as a Commissioner of the Alabama Public Service Commission | ) |
| | ) |
| Defendants. | ) |

**RESPONSE OF MOMENTUM TO BELLSOUTH TELECOMMUNICATIONS, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Momentum Telecom, Inc. ("Momentum") respectfully submits this response to the "Notice of Supplemental Authority" filed by BellSouth Telecommunications, Inc. ("BellSouth") concerning the recent decision from the First Circuit in <u>Verizon New England, Inc. v. Maine Public Utilities Commission</u>, slip op. No. 06-2151 (Sept. 6, 2007). A copy of the decision is attached to BellSouth's "Motion for Permission to File Notice of Supplemental Authority."

The <u>Verizon</u> Court recognized what BellSouth does not ─ that this is a preemption case. The briefs filed by BellSouth never addressed the issue of whether federal law preempts the authority of the Alabama Public Service Commission to determine whether BellSouth's

"switching" rates are "just and reasonable" under Alabama state law. During oral argument, BellSouth's attorney repeatedly argued that this

> is not a preemption case . . . . [P]reemption is not the right standard because a state commission's authority to implement or determine the terms and conditions of a requirement of federal law can only come from federal law . . . . So the issue here is solely one of federal law. It is not one of preemption. I would note that only one court has seen this as a preemption issue. That was the Maine Court.

Tr., at 29, 32, and 35.

Now, the First Circuit has agreed with "the Maine Court" that the question of whether "state law might independently support" a state commission's jurisdiction to rule on issues arising under the federal Telecommunications Act is "a different question" than the state commission's delegated power under the Act and should be analyzed as a "federal preemption" issue. Verizon, slip opinion at 14-15. That is the same point Momentum has been trying to make. Tr. at 11-13.

Describing the various preemption tests, the Verizon court noted that state law must yield where it "stands as an obstacle to the accomplishment and execution of the full objectives of Congress, " Id., at 15, citations omitted. Applying that test, the court found two decisions of the Maine and New Hampshire commissions to be "in direct conflict with specific FCC policies" and therefore preempted by federal law. Id. First, both state commissions had ordered Verizon to offer 271 network elements at "TELRIC" rates, a pricing formula the FCC had rejected in favor of "potentially higher" rates that met the common law and statutory "just and reasonable" standard. Id. Second, state regulators had ordered Verizon to offer network elements which "are not within the list of elements required under 271." Id., at 16; emphasis added. The appellate court found that both state decisions had been preempted by FCC rulings "adopted pursuant to its [the FCC's] authority under the 1996 Act." Id., at 15.

Here, of course, Momentum believes that a preemption analysis leads to a different result. There is no dispute that "switching" is one of the network elements which is listed in Section 271. 47 U.S.C §271(c)(2)(B)(vi). There is also no dispute that, as counsel for the Alabama PSC said, the Alabama Commission uses the "just and reasonable" ratemaking standard (tr. 27), the same test described by the FCC as the standard "that is fundamental to common carrier regulation and has been historically applied under most federal and state statutes." Triennial Review Order, 18 FCC Red. 16978 (2003) ¶663; Momentum Brief at 8; see Momentum Reply Brief at 7-9; and tr. at 8-11 for a discussion of the meaning of a "just and reasonable" rate. Given the Alabama Commission's state law powers to establish just and reasonable rates, this issue could come before the state commission following the filing of a state law complaint or during the agency's review of an interconnection agreement submitted for approval pursuant to Section 252(e) of the federal Act.[1] In either case, the Alabama Commission has the authority under state law to review the reasonableness of BellSouth's switching rates. Enforcing Alabama law requiring just and reasonable rates neither contradicts provisions of the Act nor frustrates the ends of Congress. To the contrary, ensuring that BellSouth's rates for network elements mandated by section 271 of the Act are just and reasonable is precisely what federal law requires. Rather than somehow frustrating the ends of Congress, enforcing this state law would serve the intent of section 271 that BellSouth offer network elements mandated by section 271 at just and reasonable rates.

---

[1] Once just and reasonable rates have been determined, the state commission has the authority to order BellSouth and its competitors to incorporate those rates into the parties' negotiated interconnection agreements. See 47 U.S.C. §252(e)(2) and (3). (Subsection 252(e)(2) states that a state commission may reject a negotiated interconnection agreement if it finds that the agreement "is not consistent with the public interest, convenience, and necessity." Subsection 252(e)(3) states, "Nothing in this section shall prohibit a state commission from establishing or enforcing other requirements of state law in its review of a [negotiated] agreement.")

In sum, the <u>Verizon</u> decision supports Momentum's argument that this case raises a traditional preemption issue. Despite BellSouth's efforts to avoid addressing the case in those terms, the question presented is whether the Alabama Commission's statutory power to establish "just and reasonable" telecommunications rates conflicts with, and is preempted by, the FCC's ruling that BellSouth's switching rates must be "just and reasonable." Viewed as a preemption issue, as the First Circuit would do, this declaratory judgment petition apparently leads to only one result: there is no conflict between the applicable state and federal pricing standards and no reason to preempt the Alabama Commission from exercising its statutory power to review the reasonableness of BellSouth's switching rates.

                Respectfully submitted,

                s/ James. H. McLemore
                James H. McLemore (MCL014)

OF COUNSEL:
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
P.O. Box. 2069 (36101-0078)
Montgomery, Alabama 36102
(334) 241-8058

                Henry M. Walker (Tenn. Reg. No. 000272)
                George H. Nolan (Tenn. Reg. No. 014974)
                Jonathan D. Rose (Tenn. Reg. No. 020967)

Of Counsel:
BOULT, CUMMINGS, CONNERS & BERRY, PLC
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203
(615) 252-2348

                *Attorneys for Momentum Telecom, Inc.*

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2007, I electronically filed the foregoing using the ECF system, which will send notification of such filing to the following:

**Walter R. Byars**
Steiner Crum & Byars PC
P.O. Box 668
Montgomery, AL 36101-0668

**Sean A. Lev**
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036

**George Scott Morris**
Alabama Public Service Commission
100 N Union Street, Suite 836
Montgomery, AL 36104

**Francis B. Semmes**
BellSouth Telecommunications, Inc.
3196 Highway 280 South, Room 304-N
Birmingham, AL 35243

**Thomas D. Sanford, IV**
P.O. Box 304260
Montgomery, AL 36130

s/James H. McLemore
Of Counsel