UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MOMENTUM TELECOM, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 2:06-CV-577-WKW |
| ALABAMA PUBLIC SERVICE COMMISSION, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**BELLSOUTH TELECOMMUNICATIONS, INC.'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor BellSouth Telecommunications, Inc. ("BellSouth") respectfully submits the decision in *Qwest Corp. v. Arizona Corporation Commission*, No. CV 06-1030-PHX-ROS (D. Ariz. July 17, 2007) (attached hereto as Exhibit 1), in support of its position that the Court should deny Momentum's requested relief in this case.

In *Qwest*, the Arizona commission, in connection with an arbitration conducted pursuant to 47 U.S.C. § 252, "included provisions in the [resulting interconnection agreement] that defined [the ILEC's] interconnection and access obligations under Section 271" of the Telecommunications Act of 1996, Pub. L. No. 104-104, 110 Stat. 56 (codified at 47 U.S.C. §§ 151 *et seq.* ("1996 Act"). *Qwest,* slip op. at 4. The commission had also purported to set rates for those facilities. *See id.* at 5. In other words, the commission's decision had granted the same kind of relief that Momentum has sought here. *See* Momentum Compl. ¶ 64 (asking this Court to declare that the Alabama Commission "may set rates for Section 271 elements and may require BellSouth to include Section 271 elements in its interconnection agreements"). In

finding that the Arizona commission's decision violated federal law and should be enjoined, the federal court reached a number of conclusions of direct relevance to this case.

*First*, in joining what it properly understood to be the "the majority of the courts" that have concluded that state commissions lack authority to implement or enforce section 271, *see Qwest*, slip op. at 1, the *Qwest* court explained that "[r]egulating local telecommunications competition under the 1996 Act" is an "activity in which . . . state commissions are not entitled to engage *except by express leave of Congress*." *Id.* at 9 (emphasis added). Thus, as the federal court reiterated, "the scope of the [Arizona Commission's] role in regulating local competition and [the Arizona Commission's] participation in 271 Application proceedings is *measured by federal law*." *Id.* at 10 (emphasis added).

*Second*, applying that understanding, the Arizona federal court held that federal law granted no authority for state commissions *to impose* obligations intended to implement section 271. In particular, the court stressed that in 47 U.S.C. § 252, the only statutory provision that authorizes state commission to conduct arbitrations and thus to impose obligations in instances where the parties do not voluntarily agree on terms, "there is no mention of Section 271, and . . . under Section 271, the [state commission]'s role is defined as only an advisor to the FCC." *Qwest*, slip op. at 10. Therefore, under "the plain terms of the statute, the [state commission] cannot *impose* Section 271 requirements in[] an arbitrated [interconnection agreement] under Section 252." *Id.* (emphasis added). In reaching that holding, the court specifically noted that it found "unpersuasive" the reasoning in *Verizon New England Inc. v. Maine Public Utilities Commission*, 441 F. Supp. 2d 147 (D. Me. 2006), on which Momentum has relied here. *See Qwest*, slip op. at 8 n.11; *cf.* Momentum Br. at 6-8 (filed Sept. 22, 2006) (relying on Maine case).

*Third*, the *Qwest* court also held that because the state commission lacked "authority or jurisdiction to impose Section 271 requirements," the commission therefore could not have "authority to set the *prices* for those Section 271 elements." *Qwest*, slip op. at 13 (emphasis added).

Thus, the Arizona court's order supports BellSouth's argument that the Alabama PSC acted lawfully in declining to regulate rates for facilities that must be made available only under section 271, and not under section 251. *See* BellSouth Mem. of Law at 10-16, 21-25 (filed Oct. 24, 2006).

Respectfully submitted,

|  |  |
|---|---|
|  | s/ Francis B. Semmes |
| OF COUNSEL: | FRANCIS B. SEMMES (SEM002) |
| BELLSOUTH TELECOMMUNICATIONS, INC. | |
| Suite 28A2 | |
| 600 No. 19th Street | |
| Birmingham, AL 35203 | |
| (205) 714-0556 | |
|  | s/ Walter R. Byars |
| OF COUNSEL: | WALTER R. BYARS (BYA002) |
| Steiner, Crum & Byars, P.C. | |
| Post Office Box 668 | |
| Montgomery, AL 36101 | |
| (334) 832-8800 | |
|  | s/Sean A. Lev |
| OF COUNSEL: | SEAN A. LEV (D.C. Bar # 449936) |
| Kellogg, Huber, Hansen, Todd, | |
|   Evans & Figel, P.L.L.C. | |
| Suite 400 | |
| 1615 M Street, N.W. | |
| Washington, D.C. 20036 | |
| (202) 326-7975 | |
|  | Attorneys for Intervenor BellSouth Telecommunications, Inc. |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Bellsouth Telecommunications, Inc.'s Notice of Supplemental Authority has been served upon the following listed persons by CM/ECF electronic filing, this 12th day of September, 2007.

George Scott Morris
Alabama Public Service Commission
100 N. Union Street
Suite 836
Montgomery, AL  36103

George H. Nolan
Henry M. Walker
Jonathan D. Rose
Boult, Cummings, Conners & Berry, PLC
1600 Division Street
Suite 700
P.O. Box 340025
Nashville, TN  37205

James H. McLemore
Capell Howard PC
PO Box 2069
Montgomery, AL  36102-2069

                                            s/ Sean A. Lev
                                            Sean A. Lev (D.C. Bar # 449936)