UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MOMENTUM TELECOM, INC., | ) |
|     Plaintiff, | ) ) |
| v. | ) ) No. 2:06-CV-577-WKW |
| ALABAMA PUBLIC SERVICE COMMISSION, et al., | ) ) |
|     Defendants. | ) ) ) |

**BELLSOUTH TELECOMMUNICATIONS, INC.'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor BellSouth Telecommunications, Inc. ("BellSouth") respectfully submits the decision in *Verizon New England, Inc. v. Maine Public Utilities Commission*, slip op., No. 06-2151 (1st Cir. Sept. 6, 2007) (attached hereto as Exhibit 1), in support of its position that the Court should deny Momentum Telecom, Inc.'s ("Momentum") requested relief in this case.

In that decision, the First Circuit both (1) vacated the Maine district court decision on which Momentum has heavily relied[1] and (2) affirmed the New Hampshire federal court decision on which BellSouth has relied.[2]

The First Circuit panel unanimously held that "authority under section 271" – including the "power to enforce the provision" and the "right to set prices for the elements" – is "granted *exclusively* to the FCC" and not to state commissions. *Verizon New England*, slip op. at 12

---

[1] *Verizon New England, Inc. v. Maine Pub. Utils. Comm'n*, 403 F. Supp. 2d 96 (D. Me. 2006); *see* Momentum Br. at 6-8, 18 (filed Sept. 22, 2006) (relying on Maine case); Momentum Reply at 11-12 (filed Nov. 29, 2006) (same).

[2] *Verizon New England, Inc. v. New Hampshire Public Utils. Comm'n*, Case No. 05-cv-94, 2006 U.S. Dist. LEXIS 59339 (D.N.H. Aug. 22, 2006); *see* BellSouth Mem. of Law at 1, 13, 20 n.20, 22 n.24 (filed Oct. 24, 2006) ("BellSouth Mem.") (citing New Hampshire case).

(emphasis added).  The court of appeals specifically rejected claims that the states' consultative role under § 271 gives them any enforcement authority or that the limited cross-references to § 251 in § 271 are "a delegation of power to the states to implement section 271."  *Id.* at 12-13.[3]  The First Circuit further held that state commission authority cannot be sustained merely by claiming that the "facilities in question" are "local" or "intrastate."  *Id.* at 13 (internal quotation marks omitted); *compare* Momentum Reply at 8-9 (arguing that "Section 271 elements are inherently 'local'").

In sum, the court of appeals concluded that the notion that states can enforce § 271 or set rates thereunder is "at odds with the statutory language, history and policy of section 271 and most relevant precedent."  *Verizon New England*, slip op. at 11.  That interpretation of federal law should be dispositive here, as it squarely supports BellSouth's argument that the Alabama Public Service Commission ("PSC") did not violate federal law in declining to regulate rates for facilities that must be made available only under § 271, and not under § 251.  *See* BellSouth Mem. at 10-16, 21-25.

As BellSouth and the PSC have explained, whether the PSC could have adopted rates for these facilities under *state* law is a question that is not properly before this Court, both because of the Eleventh Amendment bar and because such claims are unripe.  *See* BellSouth Mem. at 18-19; PSC Br. at 13-17 (filed Oct. 20, 2006); *see also* BellSouth Mem. at 25 (noting that Alabama law substantively provides no authority to set such rates in any event).  However, assuming *arguendo* that such state-law claims were justiciable here, the First Circuit explained that "even if state utility statutes might otherwise authorize state regulation of facilities that affect intrastate and interstate commerce, the real barrier to the present claims grounded in state law is federal

---

[3] *Compare* Momentum Br. at 13-14 (relying on cross-reference in § 271).

preemption." *Verizon New England*, slip op. at 15.  Thus, in the particular case before the First Circuit, where a state commission purported to require that "section 271 elements be priced at TELRIC rates" under state law, that decision  "directly conflicts with, and undercuts, the FCC's orders," and "[u]nder preemption principles the state orders must in this respect give way." *Id.* at 16.  In reaching that conclusion, the First Circuit cited and quoted the same FCC holding that BellSouth has extensively cited, establishing that the "'*market price*'" should govern in this context.  *See id.* at 16 n.7 (quoting *UNE Remand Order*[4] ¶ 473) (emphasis added); BellSouth Mem. at 7, 21, 24-25 (relying on *UNE Remand Order*).  By the First Circuit's reasoning, what Momentum purports to be asking the PSC to do under state law – to issue an order setting a regulated rate – would similarly "directly conflict[] with, and undercut[]" the FCC's determination that the market price should govern here.  *Verizon New England*, slip op. at 16.

---

[4] Third Report and Order and Fourth Further Notice of Proposed Rulemaking, *Implementation of the Local Competition Provisions of the Telecommunications Act of 1996*, 15 FCC Rcd 3696 (1999) ("*UNE Remand Order*")(subsequent history omitted).

Respectfully submitted,

|  |  |
|---|---|
| OF COUNSEL:<br>BELLSOUTH TELECOMMUNICATIONS, INC.<br>Suite 28A2<br>600 No. 19th Street<br>Birmingham, AL 35203<br>(205) 714-0556 | s/ Francis B. Semmes_____<br>FRANCIS B. SEMMES (SEM002) |
| OF COUNSEL:<br>Steiner, Crum & Byars, P.C.<br>Post Office Box 668<br>Montgomery, AL 36101<br>(334) 832-8800 | s/ Walter R. Byars_____<br>WALTER R. BYARS (BYA002) |
| OF COUNSEL:<br>Kellogg, Huber, Hansen, Todd,<br>  Evans & Figel, P.L.L.C.<br>Suite 400<br>1615 M Street, N.W.<br>Washington, D.C. 20036<br>(202) 326-7975 | s/Sean A. Lev_____<br>SEAN A. LEV (D.C. Bar # 449936)<br><br><br>Attorneys for Intervenor BellSouth<br>Telecommunications, Inc. |

4

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of Bellsouth Telecommunications, Inc.'s Notice of Supplemental Authority has been served upon the following listed persons by CM/ECF electronic filing, this 12th day of September, 2007.

George Scott Morris
Alabama Public Service Commission
100 N. Union Street
Suite 836
Montgomery, AL  36103

George H. Nolan
Henry M. Walker
Jonathan D. Rose
Boult, Cummings, Conners & Berry, PLC
1600 Division Street
Suite 700
P.O. Box 340025
Nashville, TN  37205

James H. McLemore
Capell Howard PC
PO Box 2069
Montgomery, AL  36102-2069

                                              s/ Sean A. Lev
                                              Sean A. Lev (D.C. Bar # 449936)