# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MOMENTUM TELECOM, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) No. 2:06-CV-577-WKW | |
| ALABAMA PUBLIC SERVICE COMMISSION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

BELLSOUTH TELECOMMUNICATIONS, INC.'S
NOTICE OF SUPPLEMENTAL AUTHORITY

Intervenor BellSouth Telecommunications, Inc. ("BellSouth") respectfully submits the decision in *Michigan Bell Telephone Co. v. Lark*, Case No. 06-11982 (E.D. Mich. Sept. 26, 2007) ("*Michigan Bell*") (attached hereto as Exhibit 2 to BellSouth's Motion for Permission to File Notice of Supplemental Authority), in support of its position that the Court should deny Momentum Telecom, Inc.'s ("Momentum") requested relief in this case. In that decision, the Eastern District of Michigan became the ninth federal court[1] to reject the notion that state commissions can regulate the terms and

---

[1] *See Verizon New England, Inc. v. Maine Pub. Utils. Comm'n*, --- F.3d ---, Nos. 06-2151 & 06-2429, 2007 WL 2509863, at *4-*6 (1st Cir. Sept. 6, 2007); *BellSouth Telecommunications, Inc. v. Kentucky Public Service Commission*, No. 06-65-KKC (E.D. Ky. Sept. 18, 2007); *Qwest Corp. v. Arizona Corp. Comm'n*, 496 F. Supp. 2d 1069, 1077-79 (D. Ariz. 2007); *Illinois Bell Tel. Co. v. O'Connell-Diaz*, No. 05-C-1149, 2006 WL 2796488, at *13-*14 (N.D. Ill. Sept. 28, 2006); *Dieca Communications, Inc. v. Florida Pub. Serv. Comm'n*, 447 F. Supp. 2d 1281, 1285-86 (N.D. Fla. 2006); *Southwestern Bell Tel., L.P. v. Missouri Pub. Serv. Comm'n*, 461 F. Supp. 2d 1055, 1066-69 (E.D. Mo. 2006), *appeals pending*, Docket Nos. 06-3701, 06-3726, 06-3727 (8th Cir.); *Verizon New England, Inc. v. New Hampshire Pub. Utils. Comm'n*, No. 05-cv-94, 2006 WL 2433249, at *8 (D.N.H. Aug. 22, 2006), *aff'd*, *Verizon New England*, 2007 WL 2509863; *BellSouth Telecomms., Inc. v. Mississippi Pub. Serv. Comm'n*, 368 F. Supp. 2d 557, 565-66 (S.D. Miss. 2005).

conditions for elements provided under 47 U.S.C. § 271, and in so doing, it vacated one of the state commission decisions on which Momentum has relied here.[2]

In Michigan, the state commission had issued an order finding that "obligations under Section 271 should be included in the interconnection agreements approved pursuant to Section 252." *Michigan Bell*, slip op. at 9 (internal quotation marks omitted). In support of that result, the defendant-intervenors in that case argued, just as Momentum does here, that state commissions can derive such enforcement authority from section 271's cross-reference to section 252 interconnection agreements. *See id.* at 11; *compare* Momentum Br. at 13-14 (filed September 22, 2006) (arguing that because of cross-reference in section 271, "Section 271 elements, like Section 251 elements, must be offered pursuant to interconnection agreements or tariffs, either of which must be submitted to and approved by a state commission under Section 252"); Momentum Reply Br. at 17-18 (same).

On review, the federal court rejected that argument and vacated the Michigan commission's order. Relying on *Indiana Bell Telephone Co. v. Indiana Utility Regulatory Commission*, 359 F.3d 493, 497 (7th Cir. 2004), the court held that a state commission "does not have the authority to direct the parties to negotiate those terms and conditions which pertain to Section 271 in the interconnection agreement process," and that "[s]ection 271 grants oversight authority to the FCC, but not to the state public utility commissions." *Michigan Bell*, slip op. at 11.

The Michigan federal court's interpretation of law squarely supports BellSouth's argument that the Alabama Public Service Commission did not violate federal law in

---

[2] *See* Momentum Reply Br. at 18 n.10 (filed Nov. 29, 2006) (citing the now-vacated Michigan state commission decision).

2

declining to regulate facilities that must be made available only under 47 U.S.C. § 271, and not under § 251.  *See* BellSouth Mem. of Law at 10-16, 21-25 (filed Oct. 24, 2006).

Respectfully submitted,

| | |
|---|---|
| | s/ Francis B. Semmes_____ |
| OF COUNSEL: | FRANCIS B. SEMMES (SEM002) |
| BELLSOUTH TELECOMMUNICATIONS, INC. | |
| Suite 28A2 | |
| 600 No. 19th Street | |
| Birmingham, AL 35203 | |
| (205) 714-0556 | |
| | s/ Walter R. Byars_____ |
| OF COUNSEL: | WALTER R. BYARS (BYA002) |
| Steiner, Crum & Byars, P.C. | |
| Post Office Box 668 | |
| Montgomery, AL 36101 | |
| (334) 832-8800 | |
| | s/Sean A. Lev_____ |
| OF COUNSEL: | SEAN A. LEV (D.C. Bar # 449936) |
| Kellogg, Huber, Hansen, Todd, | |
|   Evans & Figel, P.L.L.C. | |
| Suite 400 | |
| 1615 M Street, N.W. | |
| Washington, D.C. 20036 | |
| (202) 326-7975 | |
| | Attorneys for Intervenor BellSouth Telecommunications, Inc. |

3