# EXHIBIT 1

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| MOMENTUM TELECOM, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) No. 2:06-CV-577-WKW |
| ALABAMA PUBLIC SERVICE COMMISSION, et al., | ) |
| | ) |
|     Defendants. | ) |

**BELLSOUTH TELECOMMUNICATIONS, INC.'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor BellSouth Telecommunications, Inc. ("BellSouth") respectfully submits the relevant portions of the transcript from an oral hearing in *BellSouth Telecommunications, Inc. v. Georgia Public Service Commission*, No. 1:06-cv-00162-CC (N.D. Ga. Nov. 27, 2007) (attached as Exhibit 2 to BellSouth's Motion for Permission to File Notice of Supplemental Authority), in support of its position that the Court should deny Momentum Telecom, Inc.'s ("Momentum") requested relief in this case. In the decision announced in that transcript, the Northern District of Georgia became the tenth federal court[1] – and the second within this Circuit[2] – to reject the notion that state commissions can regulate the terms and conditions for elements provided under

---

[1] *See Verizon New England, Inc. v. Maine Pub. Utils. Comm'n*, --- F.3d ---, Nos. 06-2151 & 06-2429, 2007 WL 2509863, at *4-*6 (1st Cir. Sept. 6, 2007); *Michigan Bell Tel. Co. v. Lark*, Case No. 06-11982 (E.D. Mich. Sept. 26, 2007), *appeal pending* (6th Cir.); *BellSouth Telecomms., Inc. v. Kentucky Pub. Serv. Comm'n*, No. 06-65-KKC (E.D. Ky. Sept. 18, 2007); *Qwest Corp. v. Arizona Corp. Comm'n*, 496 F. Supp. 2d 1069, 1077-79 (D. Ariz. 2007); *Illinois Bell Tel. Co. v. O'Connell-Diaz*, No. 05-C-1149, 2006 WL 2796488, at *13-*14 (N.D. Ill. Sept. 28, 2006); *Dieca Communications, Inc. v. Florida Pub. Serv. Comm'n*, 447 F. Supp. 2d 1281, 1285-86 (N.D. Fla. 2006); *Southwestern Bell Tel., L.P. v. Missouri Pub. Serv. Comm'n*, 461 F. Supp. 2d 1055, 1066-69 (E.D. Mo. 2006), *appeals pending*, Docket Nos. 06-3701, 06-3726, 06-3727 (8th Cir.); *Verizon New England, Inc. v. New Hampshire Pub. Utils. Comm'n*, No. 05-cv-94, 2006 WL 2433249, at *8 (D.N.H. Aug. 22, 2006), *aff'd*, Nos. 06-2151 & 06-2429, 2007 WL 2509863 (1st Cir. Sept. 6, 2007); *BellSouth Telecomms., Inc. v. Mississippi Pub. Serv. Comm'n*, 368 F. Supp. 2d 557, 565-66 (S.D. Miss. 2005).

[2] *See Dieca*, *supra* n.1.

47 U.S.C. § 271. Moreover, in so doing, that court vacated one of the state commission decisions on which Momentum has relied here.[3]

In the Georgia case, the state commission had issued a series of orders finding that it had the authority to set rates for facilities that it believed must be provided to satisfy the conditions of § 271.[4] On review, the federal court rejected the PSC's conclusions and enjoined the Georgia commission's orders. In the court's words, "the Georgia Public Service Commission does not have authority to set rates for Section 271 checklist items pursuant to Section 271." Tr. at 72. In addition, the court held that, even if the state commission had relied upon Georgia law as an independent ground for decision in its orders (which it had not done), "state law cannot be relied upon to support the [state commission's] rate setting actions here in light of the federal statutory scheme involved here," *id.*, thus rejecting a key argument that Momentum has made here. *See* Momentum Br. at 17 (arguing that "the [state] agency, acting under state law, may review BellSouth's rates for Section 271 network elements").

Thus, the Georgia federal court's conclusions squarely support BellSouth's argument that the Alabama Public Service Commission did not act unlawfully in declining to regulate facilities

---

[3] *See* Momentum Br. at 5 & Ex. 1 (filed Sept. 22, 2006) (attaching now-vacated Georgia commission decision); Momentum Reply Br. at 18 n.10 (filed Nov. 29, 2006) (citing Georgia decision).

[4] *See* Order Initiating Hearings To Set a Just and Reasonable Rate Under Section 271, *Generic Proceeding To Examine Issues Related to BellSouth Telecommunications, Inc.'s Obligations To Provide Unbundled Network Elements*, Docket No. 19341-U, at 1, 3-4 (Ga. Pub. Serv. Comm'n Jan. 20, 2006); Order on Remaining Issues, *Generic Proceeding To Examine Issues Related to BellSouth Telecommunications, Inc.'s Obligations To Provide Unbundled Network Elements*, Docket No. 19341-U (Ga. Pub. Serv. Comm'n Mar. 2, 2006); Order Setting Rates Under Section 271, *Generic Proceeding To Examine Issues Related to BellSouth Telecommunications, Inc.'s Obligations To Provide Unbundled Network Elements*, Docket No. 19341-U, at 3 (Ga. Pub. Serv. Comm'n Mar. 10, 2006); Order on Reconsideration, *Generic Proceeding To Examine Issues Related to BellSouth Telecommunications, Inc.'s Obligations To Provide Unbundled Network Elements*, Docket No. 19341-U (Ga. Pub. Serv. Comm'n Mar. 24, 2006).

that must be made available under 47 U.S.C. § 271.  *See* BellSouth Mot. for Summ. J. & Mem. of Law at 10-16, 21-25 (filed Oct. 24, 2006).

Respectfully submitted,

|  |  |
|---|---|
|  | s/ Francis B. Semmes_____ |
| OF COUNSEL: | FRANCIS B. SEMMES (SEM002) |
| BELLSOUTH TELECOMMUNICATIONS, INC. |  |
| Suite 28A2 |  |
| 600 No. 19th Street |  |
| Birmingham, AL 35203 |  |
| (205) 714-0556 |  |
|  | s/ Walter R. Byars_____ |
| OF COUNSEL: | WALTER R. BYARS (BYA002) |
| Steiner, Crum & Byars, P.C. |  |
| Post Office Box 668 |  |
| Montgomery, AL 36101 |  |
| (334) 832-8800 |  |
|  | s/Sean A. Lev_____ |
| OF COUNSEL: | SEAN A. LEV (D.C. Bar # 449936) |
| Kellogg, Huber, Hansen, Todd, |  |
|   Evans & Figel, P.L.L.C. |  |
| Suite 400 |  |
| 1615 M Street, N.W. |  |
| Washington, D.C. 20036 |  |
| (202) 326-7975 |  |
|  | Attorneys for Intervenor BellSouth Telecommunications, Inc. |

3