UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MOMENTUM TELECOM, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALABAMA PUBLIC SERVICE COMMISSION, | ) |
| | ) |
| JIM SULLIVAN, in his capacity as a President of the Alabama Public Service Commission, | ) Civil Action No. 2:06-cv-00577-WKW |
| | ) |
| JAN COOK, in her capacity as a Commissioner of the Alabama Public Service Commission, and | ) |
| | ) |
| SUSAN D. PARKER, in her capacity as a Commissioner of the Alabama Public Service Commission[1] | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR
RELIEF FROM MEMORANDUM OPINION AND ORDER AND FINAL JUDGMENT,
FOR LEAVE TO FILE AN AMENDED COMPLAINT
AND FOR AN EXPEDITED HEARING**

The plaintiff, Momentum Telecom, Inc. ("Momentum"), pursuant to Rules 15 and 60(b) of the Federal Rules of Civil Procedure, respectfully moves for relief from the Memorandum Opinion and Order [Docket No. 61] and Final Judgment [Docket No. 62], both entered on January 22, 2008, for leave to file an Amended Complaint, and for an expedited hearing on all open legal issues. As grounds for this Motion, Momentum states as follows:

---

[1] Susan D. Parker has replaced George C. Wallace, Jr. as Commissioner of the Alabama Public Service Commission.

1938450 v2                                  - 1 -

This action arises under the Telecommunications Act of 1996. The factual background and procedural history of this action is set forth in the Court's Memorandum Opinion and Order, a copy of which is attached hereto as <u>Exhibit 1</u>. Specifically, the Court summarized the procedural history as follows:

> Momentum provides local telephone service throughout the Southeast and has approximately 15,000 customers in Alabama. (Compl. ¶ 2.) Momentum has a § 252 agreement with BellSouth that defines the rates BellSouth can charge Momentum for UNEs. When the FCC removed switching from the list of UNEs, BellSouth notified Momentum and other competitors that it would not be taking new UNE switching orders. (BellSouth's Br. 7.)
>
> Because of the uncertainty regarding the price BellSouth could charge Momentum for switching, both Momentum and BellSouth filed petitions with the PSC. Momentum asked the PSC to determine the rate BellSouth could charged for switching under §§ 252 and 271. (Compl. Ex. 1.) BellSouth requested the PSC determine how the removal of switching from the list of UNEs changed the § 252 agreement. (Compl. Ex. 2.) On April 26, 2006, the PSC determined that it did not have jurisdiction to compel BellSouth to include § 271 elements in § 252 agreements and that BellSouth was not obligated to negotiate with Momentum regarding the cost of § 271 elements. (Compl. Ex. 3, at 4-5.) On March 7, 2006, Momentum filed a petition for reconsideration with the PSC. (Compl. Ex. 4.) On May 2, 2006, the PSC entered an order holding Momentum's petition for reconsideration in abeyance because the same issue was being litigated in a federal court in Georgia. (Compl. Ex. 5.) The PSC reserved ruling "until there is guidance from the federal district court in question." (*Id.* at 2.)
>
> On June 27, 2006, Momentum filed this action in the Middle District of Alabama against the PSC. Momentum seeks a declaration from the court that the "PSC, acting pursuant to its powers under Alabama state law and the Telecommunications Act of 1996, may set rates for Section 271 network elements and may require BellSouth to include Section 271 network elements in its interconnection agreements." (Compl. 14.) The court granted BellSouth's motion to intervene (Doc. # 20) and held a hearing on all the issues.

Mem. Op. and Order, pp. 4-5 (footnote omitted).

In the Memorandum Opinion and Order, the Court dismissed the Complaint not on the merits, but based on a holding that "[b]ecause the PSC has not decided the motion for reconsideration [before the PSC], this controversy is not ripe for federal court review." Mem. Op. and Order, p. 8. On July 24, 2008, however, the PSC denied the subject motion for reconsideration. See Order Denying Reconsideration, attached hereto as Exhibit 2. Thus, the factual basis for the Court's determination that this action was unripe has been removed. As such, Momentum respectfully moves that the Court set aside the Memorandum Opinion and Order and the Final Judgment previously entered in this case and grant Momentum leave to file an Amended Complaint for the purpose of accounting for the PSC's order on reconsideration. While the parties may wish to submit supplemental authorities given the passage of time, the merits of the case have already been briefed and indeed have already been the subject of oral argument. Since Momentum continues to suffer significant financial damages arising from the PSC's original order and its order on reconsideration, Momentum respectfully moves that the Court expedite the briefing and hearing schedule on all legal issues (other than ripeness) previously addressed by the parties in their briefs and at the June 13, 2007, hearing before this Court.

Momentum respectfully submits that the requested relief is authorized by Rule 15 of the Federal Rules of Civil Procedure (as to the amendment of the complaint) and by Rule 60(b)(2), (5), and/or (6), which states, in relevant part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

. . .

> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60.

WHEREFORE, for the reasons stated above, Momentum respectfully requests that the Court set aside its Memorandum Opinion and Order and its Final Judgment, entered on January 22, 2008, grant Momentum leave to file an Amended Complaint, and set an expedited schedule on all legal issues (other than ripeness) previously addressed by the parties.

Respectfully submitted,

s/ James. H. McLemore
James H. McLemore (MCL014)
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
P.O. Box. 2069 (36101-0078)
Montgomery, Alabama 36102
(334) 241-8058

*Attorney for Momentum Telecom, Inc.*

Of Counsel:
Henry M. Walker (Tenn. Reg. No. 000272)
Jonathan D. Rose (Tenn. Reg. No. 020967)
BOULT, CUMMINGS, CONNERS & BERRY, PLC
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203
(615) 252-2348

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2008, I electronically filed the foregoing using the ECF system, which will send notification of such filing to the following:

**Walter R. Byars**
Steiner Crum & Byars PC
P.O. Box 668
Montgomery, AL 36101-0668

**Sean A. Lev**
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036

**George Scott Morris**
Alabama Public Service Commission
100 N Union Street, Suite 836
Montgomery, AL 36104

**Francis B. Semmes**
BellSouth Telecommunications, Inc.
3196 Highway 280 South, Room 304-N
Birmingham, AL 35243

s/ James H. McLemore