EXHIBIT 2



# STATE OF ALABAMA
ALABAMA PUBLIC SERVICE COMMISSION
P.O. BOX 304260
MONTGOMERY, ALABAMA 36130-4260

JIM SULLIVAN, PRESIDENT

JAN COOK, ASSOCIATE COMMISSIONER

SUSAN D. PARKER, PhD, ASSOCIATE COMMISSIONER

WALTER L. THOMAS, JR.
SECRETARY

| | |
|---|---|
| **MOMENTUM TELECOM, INC.; ITC^DELTACOM COMMUNICATIONS, INC.; and BELLSOUTH TELECOMMUNICATIONS, INC.,**<br><br>**Joint Petitioners** | **IN RE:** Petition Regarding the Establishment of a Generic Proceeding on Change of Law and Nondiscriminatory Pricing for UNEs.<br><br>**DOCKET 29543** |

## ORDER DENYING RECONSIDERATION

**BY THE COMMISSION:**

On May 2, 2006, the Commission entered in this cause an Order Holding in Abeyance Momentum Telecom, Inc.'s Emergency Petition for Reconsideration (the "Abeyance Order") of the Commission's April 2, 2006, Order in this Docket with respect to Issues 8 and 14. In its Emergency Petition for Reconsideration, Momentum Telecom, Inc. ("Momentum") urged the Commission to reverse its finding in the April 2, 2006, Order that the Commission lacks jurisdiction to require BellSouth Telecommunications, Inc. ("BellSouth") to include elements which BellSouth is required to provide pursuant to §271 of the Telecommunications Act of 1996 in interconnection agreements negotiated pursuant to §252 of said Act (Issue 8). Momentum further urged the Commission to reconsider its finding that the Commission lacks jurisdiction over the establishment of terms and conditions for the commingling of §271 elements (Issue 14).

The Commission determined in its May 2, 2006, Abeyance Order that since the core issues raised by Momentum in its Emergency Petition for Reconsideration were already pending before the U.S. District Court for the Middle District of Georgia in *BellSouth Telecomms, Inc. v. Ga. Pub. Serv. Comm'n, et al.,*[1] a ruling on Momentum's Emergency Petition for Reconsideration should be deferred until the federal court in Georgia issued its ruling. On June 27, 2006, however, Momentum filed a Complaint for Declaratory Judgment against the Commission in the U.S. District Court for the Middle District of Alabama (the "Middle District"). Momentum urged the Middle District Court to conclude that the

---

[1] *See* Case No. 1:06-CV-0162-CC (N. District of Georgia)

DOCKET 29543 - #2

Commission, acting pursuant to its power under Alabama state law and the Telecommunications Act of 1996, may set rates for §271 elements and may require BellSouth to include §271 network elements in its interconnection agreements. BellSouth intervened in the proceedings in the Middle District Court and was an active participant therein. All of the parties to the litigation in the Middle District Court agreed that the case presented only questions of law and consented to the court deciding the matter on the written submissions of the parties. The court did, however, conduct oral arguments which were participated in by all parties of record.

On January 22, 2008, the Middle District Court issued its Memorandum Opinion and Order holding that Momentum's claims were not ripe for consideration given the pending nature of Momentum's Petition for Reconsideration before the Commission. As a result, the Middle District Court concluded that it did not have jurisdiction to decide the issues presented by Momentum and dismissed Momentum's Complaint for Declaratory Judgment without Prejudice. In so ruling, the Middle District noted that a number of federal courts, including the federal district court in Georgia on which the Commission initially decided to wait before ruling on Momentum's Petition for Reconsideration, had addressed the issues raised by Momentum and determined that state public service commissions cannot regulate rates for §271 elements.[2]

Having reviewed the January 22, 2008, Memorandum Opinion and Order of the Middle District Court and the various decisions of the other federal courts cited therein, including the Northern District of Georgia in *BellSouth Telecomms., Inc. v. Ga. Pub. Serv. Comm'n*,[3] we conclude that Momentum's

---

[2] See January 22, 2008, Memorandum, Opinion and Order of the Middle District at p. 10.

[3] See *Verizon New England, Inc. v. Maine Pub. Utils. Comm'n*, 509 F. 3d 1; *BellSouth Telecomms., Inc. v. Ga. Pub. Serv. Comm'n*, Nos. 06-162, 06-972, slip op. at 7-15 (N.D. Ga. Jan 3., 2008); *Mich. Bell Tel. Co. v. Lark*, No. 06-11982, 2007 WL 2868633, at *6 (E.D. Mich. Sept. 26, 2007), appeals docketed, Nos. 07-469, 07-2473 (6th Cir. Nov. 28, 2007); *BellSouth Telecomms. Inc. v. Ky. Pub. Serv. Comm'n*, No. 06-65, 2007 WL 2736544, at *7 (E.D. Ky. Sept. 18, 2007); *Qwest Corp. v. Ariz. Corp. Comm'n*, 496 F. Supp. 2d 1069, 1077-79 (D. Ariz. 2007), appeals docketed, No. 07-17079, 07-17080 (9th Cir. Nov. 18, 2007); *Ill. Bell Tel. Co. v. O'Connell-Diaz*, No. 05-1149, 2006 WL 2796488, at *13-14 (N.D. Ill. Sept. 28, 2006); *Dieca Commc'ns, Inc. v. Fla. Pub. Serv. Comm'n*, 447 F. Supp. 2d 1281, 1286 (N.D. Fla. 2006); *Sw. Bell Tel. L.P. v. Mo. Pub. Serv. Comm'n*, 461 F. Supp. 2d at 1068; *Verizon New England, Inc. v. N.H. Pub. Utils. Comm'n*, No. 05-94, 2006 WL 2433249, at *8 (D.N.H. Aug. 22, 2006), aff'd, 509 F.3d 1; *BellSouth Telecomms., Inc. v. Miss. Pub. Serv. Comm'n*, 05-173, 2006 WL 1140081, at *1 (S.D. Miss. Apr. 27, 2006).

DOCKET 29543 - #3

Emergency Motion for Reconsideration of our holdings regarding Issues 8 and 14 in our Order of April 2, 2006, in this cause is due to be denied. As referenced by the Middle District Court and explicitly stated by the federal court for the Northern District of Georgia in *BellSouth Telecomms., Inc. v. Ga. Pub. Serv. Comm'n*, state commissions lack authority pursuant to federal and/or state law to implement §271 of the Telecommunications Act of 1996 or to set rates for the facilities and services required under §271.

IT IS SO ORDERED.

IT IS FURTHER ORDERED BY THE COMMISSION, That jurisdiction in this cause is hereby retained for the issuance of any further order or orders that may appear to be just and reasonable in the premise.

IT IS FURTHER ORDERED, That this Order shall be effective as of the date hereof.

DONE at Montgomery, Alabama, this 24th day of July, 2008.

ALABAMA PUBLIC SERVICE COMMISSION

*Jim Sullivan*
Jim Sullivan, President

*Jan Cook*
Jan Cook, Commissioner

*Susan D. Parker*
Susan D. Parker, Commissioner

ATTEST: A True Copy
*Walter L. Thomas, Jr.*
Walter L. Thomas, Jr., Secretary