UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MOMENTUM TELECOM, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 2:06-CV-577-WKW |
| ALABAMA PUBLIC SERVICE COMMISSION, et al., | ) |
| | ) |
| Defendants. | ) |

**BELLSOUTH TELECOMMUNICATIONS, INC.'S OPPOSITION TO
MOMENTUM TELECOM, INC.'S RULE 60(b) MOTION**

FRANCIS B. SEMMES (SEM002)
BellSouth Telecommunications, Inc.
Suite 28A2
600 No. 19th Street
Birmingham, AL 35203
(205) 714-0556

WALTER R. BYARS (BYA002)
Steiner, Crum & Byars, P.C.
Post Office Box 668
Montgomery, AL 36101
(334) 832-8800

SEAN A. LEV (D.C. Bar # 449936)
Kellogg, Huber, Hansen ,Todd
  Evans & Figel, P.L.L.C.
Suite 400
1615 M Street, N.W.
Washington, D.C. 20036
(202) 326-7975

## TABLE OF CONTENTS

Page

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................2

ARGUMENT ...................................................................................................................................2

      The Court Should Deny Momentum's Rule 60(b) Motion...................................................2

CONCLUSION ................................................................................................................................6

# TABLE OF AUTHORITIES

Page

**Cases**

*Beavers v. A. O. Smith Elec. Prods. Co.*, 265 Fed. Appx. 772 (11th Cir. 2008) ..............................5

*BellSouth Telecomms., Inc. v. Georgia Pub. Serv. Comm'n*, Nos. 06-162, 06-972
 (N.D. Ga. Jan. 3, 2008) ....................................................................................................1

*BellSouth Telecomms., Inc. v. Kentucky Pub. Serv. Comm'n*, No. 06-65-KKC, 2007
 WL 2736544 (E.D. Ky. Sept. 18, 2007) ..........................................................................6

*BellSouth Telecomms., Inc. v. Mississippi Pub. Serv. Comm'n*, 368 F. Supp. 2d 557
 (S.D. Miss. 2005) .............................................................................................................6

*Bradford v. UNUM Life Ins. Co. of Am.*, 224 Fed. Appx. 937 (11th Cir. 2007), *cert.
 denied*, 128 S. Ct. 1289 (2008) ........................................................................................5

*Burke v. Subia*, No. CIV S-06-0459, 2008 U.S. Dist. LEXIS 41230 (E.D. Cal. May 9,
 2008) .................................................................................................................................3

*Cook v. Birmingham News*, 618 F.2d 1149 (5th Cir. 1980).............................................................5

*Dieca Communications, Inc. v. Florida Pub. Serv. Comm'n*, 447 F. Supp. 2d 1281
 (N.D. Fla. 2006) ...............................................................................................................6

*Gibbs v. Maxwell House, Div. of Gen. Foods Corp.*, 738 F.2d 1153 (11th Cir. 1984) ...................4

*Griffin v. Swim-Tech Corp.*, 722 F.2d 677 (11th Cir. 1984)............................................................5

*Hawaii County Green Party v. Clinton*, 124 F. Supp. 2d 1173 (D. Haw. 2000) ............................6

*Illinois Bell Tel. Co. v. Hurley*, No. 05-1149, 2008 U.S. Dist. LEXIS 6326 (N.D. Ill.
 Jan. 28, 2008), *appeal pending*, Nos. 08-1489, 08-1494 (7th Cir. consolidated
 Mar. 3, 2008)....................................................................................................................6

*Lawrence v. Berry*, No. 5:06-CV-134, 2008 U.S. Dist. LEXIS 44435 (W.D. Mich.
 June 5, 2008)....................................................................................................................2

*Liquidation Comm'n of Banco Intercontinental, S.A. v. Alvarez Renta*, 530 F.3d 1339
 (11th Cir. 2008)................................................................................................................3

*McDonald v. Oliver*, 642 F.2d 169 (5th Cir. 1981) ........................................................................5

*Michigan Bell Tel. Co. v. Lark*, No. 06-11982, 2007 WL 2868633 (E.D. Mich. Sept. 26, 2007), *appeal pending*, Nos. 07-2469, 07-2473 (6th Cir.) ............................................6

*Momentum Telecom, Inc. v. Alabama Pub. Serv. Comm'n*, No. 2:06-cv-577, 2008 U.S. Dist. LEXIS 4403 (M.D. Ala. Jan. 22, 2008) ..............................................................2

*Qwest Corp. v. Arizona Corp. Comm'n*, 496 F. Supp. 2d 1069 (D. Ariz. 2007).............................6

*Rosendale v. Iuliano*, 67 Fed. Appx. 10 (2d Cir. 2003) ..................................................................2

*Southwestern Bell Tel., L.P. v. Missouri PSC*, 530 F.3d 876 (8th Cir. 2008) .................................6

*Southwestern Bell Tel., L.P. v. Missouri Pub. Serv. Comm'n*, 461 F. Supp. 2d 1055 (E.D. Mo. 2006), *aff'd*, 530 F.3d 876 (8th Cir. 2008) ............................................................6

*Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307 (11th Cir. 2000)..................................................4

*Verizon New England, Inc. v. Maine Pub. Utils. Comm'n*, 509 F.3d 1 (1st Cir.), *order on reh'g*, 509 F.3d 13 (1st Cir. 2007) ........................................................................6

*Verizon New England, Inc. v. New Hampshire Pub. Utils. Comm'n*, No. 05-cv-94, 2006 WL 2433249 (D.N.H. Aug. 22, 2006), *aff'd*, 509 F.3d 1 (1st Cir. 2007)...................6

**Administrative Decisions**

Order Holding in Abeyance of Momentum Telecom, Inc.'s Emergency Petition for Reconsideration, *Petition Regarding the Establishment of a Generic Proceeding on Change of Law and Nondiscriminatory Pricing for UNEs*, Docket 29543, 2006 Ala. PUC LEXIS 251 (Ala. Pub. Serv. Comm'n May 2, 2006) ................................................................................................................................1

**Statutes and Rules**

47 U.S.C. § 252(e)(6)........................................................................................................................1

Fed. R. Civ. P. 60(b) ................................................................................................................1, 2, 3

Fed. R. Civ. P. 60(b)(2)........................................................................................................... 1, 3, 4

Fed. R. Civ. P. 60(b)(5)...............................................................................................................4, 5

Fed. R. Civ. P. 60(b)(6)...............................................................................................................5, 6

## INTRODUCTION

Defendant BellSouth Telecommunications, Inc. ("BellSouth") respectfully requests that this Court deny Plaintiff Momentum Telecom, Inc.'s ("Momentum") motion to reopen this case under Rule 60(b). As other federal courts have held, Rule 60(b) is not a proper avenue of relief for a plaintiff who believes that a once-unripe claim is now ripe. Moreover, Momentum has failed to demonstrate how its motion satisfies any of the requirements of Rule 60(b). The motion should be denied. Although Momentum may be able to file a new complaint at this point, it has provided no basis to invoke the extraordinary procedures of Rule 60(b)(2) to re-open this completed case.

If the motion is granted, however, the Court should allow the parties to file new briefs that discuss the significant new precedents issued in the 21 months since briefing was concluded.

## BACKGROUND

This case arose from a proceeding before the Alabama Public Service Commission ("PSC") involving BellSouth, Momentum, and several other carriers.[1] After the PSC issued a final order, Momentum filed a petition for reconsideration.[2]

Momentum also filed a complaint with this Court under 47 U.S.C. § 252(e)(6), seeking review of the PSC's decision. BellSouth intervened as a defendant in this Court.

---

[1] The details of this proceeding were described in BellSouth's Opposition, filed on October 24, 2006.

[2] The PSC issued an order holding Momentum's petition in abeyance pending the decision in a different federal court proceeding. *See* Order Holding in Abeyance of Momentum Telecom, Inc.'s Emergency Petition for Reconsideration, *Petition Regarding the Establishment of a Generic Proceeding on Change of Law and Nondiscriminatory Pricing for UNEs*, Docket 29543, 2006 Ala. PUC LEXIS 251 (Ala. Pub. Serv. Comm'n May 2, 2006). That federal decision was issued in January 2008. *See BellSouth Telecomms., Inc. v. Georgia Pub. Serv. Comm'n*, Nos. 06-162, 06-972 (N.D. Ga. Jan. 3, 2008).

After full briefing and argument, this Court dismissed Momentum's complaint without prejudice. As the Court explained, "[b]ecause the PSC has not decided the motion for reconsideration, this controversy is not ripe for federal court review." *See Momentum Telecom, Inc. v. Alabama Pub. Serv. Comm'n*, No. 2:06-cv-577, 2008 U.S. Dist. LEXIS 4403, at *11 (M.D. Ala. Jan. 22, 2008).

On July 24, 2008, the PSC issued an order denying reconsideration. *See* Momentum Motion Exh. 2. Momentum has now filed a Rule 60(b) motion, claiming that the "factual basis for the Court's determination that this action was unripe has been removed," and asking the Court to set aside its judgment and "grant Momentum leave to file an Amended Complaint." Momentum Motion at 3. Momentum also requests that the Court "expedite the briefing and hearing schedule on all legal issues." *Id.*

## ARGUMENT

**The Court Should Deny Momentum's Rule 60(b) Motion**

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b).

As other courts have concluded, Rule 60(b) is not the appropriate procedural avenue for reopening or adding claims that were previously deemed unripe. In *Rosendale v. Iuliano*, 67 Fed. Appx. 10 (2d Cir. 2003), a plaintiff sought permission under Rule 60(b) to add a new claim that allegedly "did not satisfy the ripeness test" at an earlier time, but the Second Circuit held that "[t]hese arguments do not compel relief under Rule 60(b)." *Id.* at 13; *see also Lawrence v. Berry*, No. 5:06-CV-134, 2008 U.S. Dist. LEXIS 44435, at *11 (W.D. Mich. June 5, 2008) ("A post-judgment change to the 'ripeness' status does not generally warrant relief under Rule 60(b).").

2

Those decisions are consistent with the text of Rule 60(b), which provides no basis to re-open a judgment when later events are claimed to affect the status of a case previously dismissed as unripe. Thus, although Momentum cites subsections (2), (5), and (6) as alleged bases for the relief it seeks here – without providing any case law or supporting explanation – none of those provisions supports its argument. BellSouth will address these subsections in turn.

**Subsection (b)(2).** Rule 60(b)(2) provides that a court may reopen a case based on "newly discovered *evidence* that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2) (emphasis added). Momentum is not relying here on new "evidence," but rather on a subsequent *legal* development. Momentum cites no precedent that treats a new agency decision as "newly discovered evidence" under Rule 60(b)(2). *See Burke v. Subia*, No. CIV S-06-0459, 2008 U.S. Dist. LEXIS 41230, at *3 (E.D. Cal. May 9, 2008) ("[N]ew court decisions do not constitute 'newly discovered evidence' under Rule 60(b)(2)."); *see generally Liquidation Comm'n of Banco Intercontinental, S.A. v. Alvarez Renta*, 530 F.3d 1339, 1357-58 (11th Cir. 2008) ("[t]o obtain relief under Rule 60(b)(2), a party must show that *evidence* was (i) discovered after trial, (ii) material, (iii) not merely impeaching or cumulative, (iv) likely to produce a different result on retrial, and further that the party exercised due diligence to obtain the evidence") (emphasis added).

Accordingly, and especially in light of the Eleventh Circuit's directive that a "motion for a new trial under Rule 60(b)(2) is an extraordinary motion and the requirements of the rule must be strictly met," *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000) (internal quotation marks omitted), Momentum's unsupported reliance on Rule 60(b)(2) fails.

**Subsection (b)(5).** Rule 60(b)(5) provides that a court may reopen a case if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5).

Again, this provision does not apply to this circumstance. The first portion of Rule 60(b)(5) — looking to whether a judgment has been "satisfied, released, or discharged" — looks to whether the defendant has paid off a judgment. *See*, *e.g.*, *Gibbs v. Maxwell House, Div. of Gen. Foods Corp.*, 738 F.2d 1153, 1155 (11th Cir. 1984) ("The section of rule 60(b)(5) which provides relief when judgments are satisfied applies when damages are paid before trial or a tortfeasor or obligor has paid the judgment debt."). This case involves nothing like such a satisfaction of judgment.

The second portion of Rule 60(b)(5) is equally inapplicable. It applies when a court's prior decision was "based on an earlier judgment that has been reversed or vacated." Momentum does not contend that a prior decision was reversed or vacated in this instance, nor could it do so. The Alabama PSC did not "reverse[] or vacate[]" any earlier decision. Instead, armed with ample new precedent supporting its original determination, the PSC re-affirmed its previous (and correct) conclusions.

Finally, the last portion of Rule 60(b)(5) — looking to whether applying the decision "prospectively is no longer equitable" — does not apply either. For one thing, Momentum does

4

not demonstrate any inequity, *i.e.*, by arguing that it would somehow be prevented from filing a new complaint. Indeed, that prong of subsection 60(b)(5) is "limited to judgments that have a prospective effect, as compared to those that offer 'a present remedy for a past wrong.'" *Bradford v. UNUM Life Ins. Co. of Am.*, 224 Fed. Appx. 937, 938 (11th Cir. 2007) (quoting *Cook v. Birmingham News*, 618 F.2d 1149, 1152 (5th Cir. 1980)), *cert. denied*, 128 S. Ct. 1289 (2008). Thus, because the Court's judgment merely dismissed Momentum's complaint without prejudice, it had no prospective effect that would make Rule 60(b)(5) relief available. *See Gibbs*, 738 F.2d at 1155-56 ("The judgment of dismissal in this case was not prospective within the meaning of 60(b)(5). It was final and permanent. . . . That plaintiff remains bound by the dismissal is not a 'prospective effect' within the meaning of rule 60(b)(5) any more than if plaintiff were continuing to feel the effects of a money judgment against him.").

**Subsection (b)(6).** Rule 60(b)(6) provides that a court may reopen a case based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Eleventh Circuit has held that "'relief under [Rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances. The party seeking relief has the burden of showing that absent such relief, an "extreme" and "unexpected" hardship will result.'" *Beavers v. A. O. Smith Elec. Prods. Co.*, 265 Fed. Appx. 772, 779 (11th Cir. 2008) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)); *see also McDonald v. Oliver*, 642 F.2d 169, 172 (5th Cir. 1981) ("Rule 60(b)(6) is generally reserved for situations showing compelling or aggravated circumstances involving extreme hardship and injustice which do not appear in this case.").

Momentum does not even attempt to make such showing of "extreme hardship and injustice." Indeed, the Alabama PSC's substantive legal decision, far from being an "injustice,"

5

was exactly the same result reached by *10* federal courts[3] — every federal court to consider the issue (barring one district court whose decision was reversed by the First Circuit) — as well as dozens of other state commissions. *See* BellSouth Resp. at 13-14 and Exh. 5 (filed Oct. 24, 2006) (listing state commission decisions).

Moreover, the "extraordinary" remedy of Rule 60(b)(6) relief is unnecessary here, given that, as discussed above, Momentum has not shown that it could not file a new complaint. *See*, *e.g.*, *Hawaii County Green Party v. Clinton*, 124 F. Supp. 2d 1173, 1185 (D. Haw. 2000) ("Going through the cumbersome process of trying to re-open a dusty case through a remedy that is to be used 'sparingly' can hardly be easier than just filing a new complaint.").

## CONCLUSION

The Court should deny Momentum's Rule 60(b) motion. Alternatively, if the motion is granted, the Court should set a new procedural schedule allowing BellSouth and the PSC to respond to any amended complaint, and allowing new merits briefs and oral argument on the issues presented by Momentum.

---

[3] *See Southwestern Bell Tel., L.P. v. Missouri Pub. Serv. Comm'n*, 530 F.3d 876 (8th Cir. 2008); *Verizon New England, Inc. v. Maine Pub. Utils. Comm'n*, 509 F.3d 1 (1st Cir.), *order on reh'g*, 509 F.3d 13 (1st Cir. 2007); *Illinois Bell Tel. Co. v. Hurley*, No. 05-1149, 2008 U.S. Dist. LEXIS 6326 (N.D. Ill. Jan. 28, 2008), *appeal pending*, Nos. 08-1489, 08-1494 (7th Cir. consolidated Mar. 3, 2008); *Michigan Bell Tel. Co. v. Lark*, No. 06-11982, 2007 WL 2868633 (E.D. Mich. Sept. 26, 2007), *appeal pending* Nos. 07-2469, 07-2473 (6th Cir.); *BellSouth Telecomms., Inc. v. Kentucky Pub. Serv. Comm'n*, No. 06-65-KKC, 2007 WL 2736544 (E.D. Ky. Sept. 18, 2007); *Qwest Corp. v. Arizona Corp. Comm'n*, 496 F. Supp. 2d 1069, 1077-79 (D. Ariz. 2007); *Dieca Communications, Inc. v. Florida Pub. Serv. Comm'n*, 447 F. Supp. 2d 1281, 1285-86 (N.D. Fla. 2006); *Southwestern Bell Tel., L.P. v. Missouri Pub. Serv. Comm'n*, 461 F. Supp. 2d 1055, 1066-69 (E.D. Mo. 2006), *aff'd* 530 F.3d 876; *Verizon New England, Inc. v. New Hampshire Pub. Utils. Comm'n*, No. 05-cv-94, 2006 WL 2433249, at *8 (D.N.H. Aug. 22, 2006), *aff'd*, 509 F.3d 1; *BellSouth Telecomms., Inc. v. Mississippi Pub. Serv. Comm'n*, 368 F. Supp. 2d 557, 565-66 (S.D. Miss. 2005).

                        Respectfully submitted,

|  |  |
|---|---|
|  | s/ Francis B. Semmes_____ |
| OF COUNSEL: | FRANCIS B. SEMMES (SEM002) |
| BellSouth Telecommunications, Inc. |  |
| Suite 28A2 |  |
| 600 No. 19th Street |  |
| Birmingham, AL 35203 |  |
| (205) 714-0556 |  |
|  |  |
|  | s/ Walter R. Byars_____ |
| OF COUNSEL: | WALTER R. BYARS (BYA002) |
| Steiner, Crum & Byars, P.C. |  |
| Post Office Box 668 |  |
| Montgomery, AL 36101 |  |
| (334) 832-8800 |  |
|  |  |
|  | s/ Sean A. Lev_____ |
| OF COUNSEL: | SEAN A. LEV (D.C. Bar # 449936) |
| Kellogg, Huber, Hansen, Todd, |  |
|    Evans & Figel, P.L.L.C. |  |
| Suite 400 |  |
| 1615 M Street, N.W. |  |
| Washington, D.C. 20036 |  |
| (202) 326-7975 |  |
|  | Attorneys for Intervenor |
|  | BellSouth Telecommunications, Inc. |

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the above and foregoing pleading has been served upon the following listed persons by CM/ECF electronic filing, this 8th day of September, 2008.

George Scott Morris
Alabama Public Service Commission
100 N. Union Street
Suite 836
Montgomery, AL  36103

George H. Nolan
Henry M. Walker
Jonathan D. Rose
Boult, Cummings, Conners & Berry, PLC
1600 Division Street
Suite 700
P.O. Box 340025
Nashville, TN  37205

James H. McLemore
Capell Howard PC
PO Box 2069
Montgomery, AL  36102-2069

              s/ Sean A. Lev_____
              Sean A. Lev