UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MOMENTUM TELECOM, INC., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 2:06-CV-577-WKW |
| | ) |
| ALABAMA PUBLIC SERVICE COMMISSION, et al., | ) |
| | ) |
|    Defendants. | ) |

THE ALABAMA PUBLIC SERVICE COMMISSION'S OPPOSITION
TO MOMENTUM TELECOM, INC.'S RULE 60(b) MOTION

                  Thomas D. Samford IV (SAM014)
                  Attorney for the Defendants
                  Alabama Public Service Commission
                  Post Office Box 304260 (36130)
                  100 North Union Street, Suite 948
                  Montgomery, Alabama 36104
                  (334)242-5025

                  G. SCOTT MORRIS (MOR080)
                  Attorney for the Defendants
                  Alabama Public Service Commission
                  Post Office Box 304260 (36130)
                  100 North Union Street, Suite 836
                  Montgomery, Alabama 36104
                  (334)242-5200

## TABLE OF CONTENTS

Page

INTRODUCTION ...........................................................................................................................1

BACKGROUND ...........................................................................................................................2

ARGUMENT.................................................................................................................................4

    FRCP Rule 60(b) provides an extraordinary equitable remedy and by its text does not envision or authorize relief from a judgment or order dismissing a case for unripeness merely because the matter subsequently becomes ripe……………………..…….4

    Momentum's reliance on Rule 60(b)(2) is misplaced because there is no "newly discovered evidence" cited by Momentum in support of its Motion……………........................................................................................................5

    Momentum's wholly unsupported reliance on Rule 60(b)(5) inappropriate ………………6

    Momentum has not demonstrated the existence of the extraordinary circumstances that would justify the relief sought pursuant to Rule 60(b)(6)……………………….....7

CONCLUSION …………………………………………………………………………….8

## TABLE OF AUTHORITIES

Page

**Cases**

*Beavers v. A. O. Smith Elec. Prods. Co.,* 265 Fed. Appx. 772 - 779, (11th Cir. Ala. 2008) ............................... 7

*BellSouth Telecomms., Inc. v. Georgia Pub. Serv. Comm'n,* Nos. 06-162, 06-972
    (N.D. Ga. Jan. 3, 2008) .............................................................................................................. 3

*Burke v. Subia* 2008 WL 2038043 (E.D. Cal. May 2, 2008) ............................................................. 6

*Gibbs v. Maxwell House, Div. of Gen. Foods Corp.,* 738 F.2d 1153, 1155 (11th Cir. 1984) ............................ 7

*Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 680 (11th Cir. 1984) ....................................................... 7

*Lawrence v. Berry,* Nol. 506-CV-134, 2008 WL 2345946 ................................................................. 5

*Momentum Telecom, Inc. v. Alabama Pub. Serv. Comm'n,* No. 2:06-cv-577, 2008
    (U.S. Dist. LEXIS 4403 (M.D. Ala. Jan. 22, 2008) ...................................................... 1, 2, 4, 7

*Rosendale v. Iuliano*, 67 Fed. Appx. 10, (2d Cir. May 20, 2003) ..................................................... 5

**Administrative Decisions**

Final Order Resolving Disputed Issues, *Petition Regarding the Establishment of a Generic Proceeding on Change of Law and Nondiscriminatory Pricing for UNEs,* Docket 29543 (Ala. Pub. Serv. Comm. April 20, 2006) (*See* Compl. Ex.3) ........................................................................................................ 2,6

Order Holding in Abeyance of Momentum Telecom, Inc.'s Emergency Petition for Reconsideration, *Petition Regarding the Establishment of a Generic Proceeding on Change of Law and Nondiscriminatory Pricing for UNEs*, Docket 29543, 2006 Ala. PUC LEXIS 251 (Ala. Pub. Serv. Comm'n May 2, 2006) (*See* Compl. Ex. 5)
…………………………………………………………………………………………………….2

Order Denying Reconsideration, *Petition Regarding the Establishment of a Generic Proceeding on Change of Law and Nondiscriminatory Pricing for UNEs,* Docket 29543 (Ala. Pub. Serv. Comm'n July 24, 2008) (*See* Ex. 2 to Momentum Motion……………………………………………………………….....3,5,6

**Statutes and Rules**

47 U.S.C. §251 …....................................................................................................................2

47 U.S.C. §252 ……………………………………………………………………………………2

47 U.S.C. §271 ……………………………………………………………………………….2,3

Fed. R. Civ. P. 15 …………………………………………………………………………………1

Fed. R. Civ. P. 59(b) …………………………………………………………………………4,5

Fed. R. Civ. P. 60(b) …………………………………………………………………....1,4,5,6,8

Fed. R. Civ. P. 60(b)(2) ……………………………………………………………..…………1,4,5,6

Fed. R. Civ. P. 60(b)(5) …………………………………………………………………..1,4,6,7

Fed. R. Civ. P. 60(b)(6) ……………………………………………………………………………1,4,7

## I. Introduction

This matter comes before the Court pursuant to the Plaintiff Momentum Telecom, Inc.'s ("Momentum's") Motion for Relief From Memorandum Opinion And Order And Final Judgment, For Leave To File An Amended Complaint, and For An Expedited Hearing. The Plaintiff Momentum relies on Rules 15 and 60(b)(2), (5) and/or (6) of the Federal Rules of Civil Procedure as the basis for its pending Motion.

The Defendants, the Alabama Public Service Commission; Jim Sullivan, in his capacity as a President of the Alabama Public Service Commission, Jan Cook, in her capacity as a Commissioner of the Alabama Public Service Commission, and Susan D. Parker in her capacity as a Commissioner of the Alabama Public Service Commission[1] (collectively the "PSC") assert that Momentum's reliance on the cited provisions of Rule 60(b) is improper and does not justify a grant of the relief requested. Given Momentum's failure to provide any justification for the applicability of the cited provisions of Rule 60(b), Momentum is essentially asking the Court to allow Momentum to utilize Rule 60(b) as an avenue to reopen the proceedings in this cause merely because Momentum's once unripe claim has now become ripe.

As demonstrated below, Federal courts have long held that the provisions of Rule 60(b) are reserved for situations where extraordinary circumstances dictate that the operation of Rule 60(b) is necessary to prevent a substantial injustice. Momentum has demonstrated no such extraordinary circumstances and has further failed to demonstrate to the Court that it is precluded from filing a new complaint to address its concerns. The PSC accordingly urges this Court to deny Momentum's request to reopen this case based on Rule 60(b). Should the Court grant Momentum's Motion, however, the PSC respectfully requests that the court allow the parties to file new briefs to discuss the significant decisions from various other jurisdictions that have been issued in the almost two years since briefing in this case was concluded.

## II. Background

As recognized in this Court's Memorandum Opinion and Order[2] and Final Judgment[3] both entered on January 22, 2008, this case originally arose before the Alabama Public Service Commission and involved numerous telecommunications carriers including the Plaintiff

---

[1] Susan D. Parker has replaced Commissioner George C. Wallace, Jr. as the Place 2 Commissioner of the Alabama Public Service Commission.
[2] Docket No. 61 at p. 4-5.
[3] Docket No. 62

Momentum and the Defendant BellSouth Telecommunications, Inc. ("BellSouth"). One of the primary disputes which BellSouth and other Competitive Local Exchange Carriers ("CLECs") like Momentum asked the PSC to resolve was whether the PSC could require BellSouth to include unbundled network elements such as switching that are required to be made available pursuant to §271 of the Telecom Act of 1996 (the "Telecom Act") in Interconnection Agreements entered into pursuant to §252 of the Telecom Act even when such elements are not required to be unbundled and made available pursuant to §251 of the Telecom Act. Momentum and the other CLECs argued that the PSC had the requisite authority to require the inclusion of former §251 elements such as switching in §252 Interconnection Agreements and thus could establish just and reasonable rates for such elements. BellSouth argued that the PSC did not have such jurisdiction.

On April 20, 2006, the PSC entered an Order holding among other things, that it did not have the requisite jurisdiction to compel the inclusion of §271 elements in Interconnection Agreements submitted to the PSC for its review pursuant to §252 and that there was no express or implied obligation on the part of BellSouth to negotiate the terms and conditions regarding §271 elements.  On or about March 7, 2006, Momentum filed a Petition urging the Commission to reconsider certain of the conclusions reached in its April 20, 2006 Order. One of the issues which Momentum urged the PSC to reconsider was the PSC's finding that it lacked jurisdiction to compel BellSouth to include §271 elements in §252 Interconnection Agreements. On May 2, 2006, the PSC entered an Order Holding Momentum's Petition for Reconsideration in Abeyance. The PSC's May 2, 2006, Order recognized that the core issues raised by Momentum in its Petition for Reconsideration were currently before the Federal District Court for the Northern District of Georgia in *BellSouth Telecommunications, Inc., v. The Georgia Public Service Commission, et al,* Case No.1:06-cv-0162-cc. The PSC accordingly determined that a ruling on Momentum's Petition for Reconsideration would be deferred until there was guidance from the Federal District Court for the Northern District of Georgia.

On June 27, 2006, Momentum filed this action in the Middle District of Alabama against the PSC. Momentum sought a Declaration from the Court that the "PSC, acting pursuant to its powers under Alabama State law and the Telecommunications Act of 1996 may set rates for

§271 Network Elements and may require BellSouth to include §271 Network Elements in its Interconnection Agreements.[4]  BellSouth Telecommunications, Inc. ("BellSouth") became a party to the proceedings following the Court's Order granting BellSouth's Motion to Intervene.[5]

After full briefing and argument, this Court dismissed Momentum's complaint without prejudice noting that "[t]his case is not ripe because it is not fit for review because Momentum has not demonstrated hardship.  Because the controversy is not ripe, this Court does not have jurisdiction to decide this case."[6] The Court's ruling in that regard was premised on the fact that a decision from the Court would interfere with PSC action on Momentum's pending Motion for Reconsideration and because further factual development would be necessary.[7]

On July 24, 2008, the PSC issued an Order Denying Reconsideration which dispensed with Momentum's pending Motion for Reconsideration before the PSC.[8]  The PSC reasoned in said Order that given the explicit statement by the Federal Court for the Northern District of Georgia in *BellSouth Telecommunications, Inc., v. The Georgia Public Service Commission* that state utility commissions lack authority pursuant to federal and/or state law to implement §271 of the Telecommunications Act of 1996 with respect to the setting of rates for the facilities and services required under §271, Momentum's request for Reconsideration was due to be dismissed.  The PSC's July 24, 2008, Order Denying Reconsideration thus upheld the findings entered by the PSC in its April 20, 2006, Order.

Momentum filed the Rule 60(b) Motion currently under consideration on or about August 22, 2008. Momentum argues therein that the "factual basis for the Court's determination that this action was unripe has been removed."[9] Momentum thus urges this Court to set aside the Memorandum Opinion and Judgment and the Final Judgment previously entered in this case and grant Momentum leave to file an amended complaint for the purpose of "accounting for" the PSC's Order on Reconsideration.[10] Momentum further requests that this Court expedite a briefing and hearing schedule on all legal issues (other than ripeness) previously addressed by

---

[4] Compl. Ex. 14.
[5] Docket No. 20
[6] Docket No. 61 at p. 11.
[7] Docket No. 61 at p. 8.
[8] *See* Exhibit 2 to Momentum Motion
[9] *See* Momentum Motion at p. 3.
[10] *Id.*

3

the parties in their briefs and at the June 13, 2007 hearing before the Court.

## III.    Argument

**A.    FRCP Rule 60(b) provides an extraordinary equitable remedy and by its text does not envision or authorize relief from a judgment or order dismissing a case for unripeness merely because the matter subsequently becomes ripe.**

The text of Rule FRCP 60(b) provides as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

It is clear from the foregoing that Rule 60(b) is intended to provide an avenue for rather substantial equitable relief. For that reason, federal courts have long recognized that the equitable power of Rule 60(b) is to be counterbalanced by the express limitations of the rule.[11] In that vein, none of the provisions of Rule 60(b) can be remotely interpreted in a manner that would authorize the revival of a claim dismissed for unripeness merely because that claim subsequently becomes ripe as Momentum seems to

---

[11] *See Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citing *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970).

4

assert in its pending Motion. Indeed, federal courts have held that a post judgment change to the ripeness status of a claim does not generally warrant relief under Rule 60(b).[12]

**B.    Momentum's reliance on Rule 60(b)(2) is misplaced because there is no "newly discovered evidence" cited by Momentum in support of its Motion.**

Momentum casually references Rule 60(b)(2) as one of the avenues under which it should be afforded relief in its pending Motion. That provision of Rule 60(b) provides that "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" may constitute an avenue for relief from a final judgment or order. Momentum does not, however, identify any "new evidence" for this Court to consider. Momentum instead apparently relies on the PSC's subsequent denial of Momentum's Motion for Reconsideration as its "newly discovered evidence" for purposes invoking the relief of Rule 60(b)(2).

The PSC asserts that Momentum's reliance on the PSC's July 24, 2008, Order Denying Reconsideration as new evidence is misplaced for purposes of the applicability of Rule 60(b)(2). The PSC instead represents that its July 24, 2008, Order Denying Reconsideration is a new and independent agency decision. Federal courts have expressly held that new decisions do not constitute "newly discovered evidence" for purposes of Rule 60(b)(2).[13] The PSC accordingly urges this Court to deny Momentum's inappropriate attempt to invoke Rule 60(b)(2).

**C.    Momentum's wholly unsupported reliance on Rule 60(b)(5) is inappropriate.**

Even though it provides no underlying support, Momentum references Rule 60(b)(5) as one of the provisions under which it should be allowed to file an amended complaint in this cause. Rule 60(b)(5) essentially has three subparts which, if successfully demonstrated to be present, may justify relief from a final judgment or order. The first subpart of Rule 60(b)(5) provides that if a judgment has been "satisfied, released or discharged," a petitioning party may be entitled to relief. The federal cases

---

[12] *Lawrence v. Berry*, 2008 WL 2345946 (W. D. Mich. June 5, 2008) (*citing Rosedale v. Iuliano*, 67 Fed. Appx. 10 (2d. Cir. May 20, 2003)

5

which address this particular subpart of Rule 60(b)(5) predominantly deal with scenarios where tortfeasors or obligors have paid judgment debts.[14] In the present case, there was no judgment debt and there has otherwise been no judgment that was set aside or discharged. Indeed, the only occurrence cited by Momentum is the PSC's issuance of its July 24, 2008, Order Denying Reconsideration.

The second subpart of Rule 60(b)(5) provides an avenue for relief when earlier judgments have been reversed or vacated. The APSC asserts that this provision of Rule 60(b) is also inapplicable because there has been no reversal or vacating of the PSC's original decision that prompted Momentum to institute the action which led to the establishment of this proceeding. Indeed, the PSC held Momentum's Petition for Reconsideration of certain of the conclusions reached by the PSC in its April 20, 2006, Order in abeyance. After evaluating a growing line of developing federal decisions, the PSC entered its Order Denying Reconsideration on July 24, 2008, which dispensed with Momentum's pending Petition for Reconsideration. This action by the PSC constituted an affirmation of its original holdings as set forth in the PSC's April 20, 2006, Order. Clearly, there has been no judgment reversed or vacated by the PSC that would entitle Momentum to the relief requested under the second subpart of Rule 60(b)(5).

The third subpart of Rule 60(b)(5) provides an avenue for relief from a prior judgment or order when the prospective application of such a judgment is no longer equitable. In order to invoke this subpart of Rule 60(b)(5), Momentum must demonstrate that this Court's January 22, 2008, Order and/or Judgment were prospective in nature and that their prospective applications were inequitable. Momentum did not, and cannot, make either demonstration.

The PSC asserts that this Court's January 22, 2008, Order and Judgment had no prospective effect on Momentum in that they dismissed Momentum's Complaint without prejudice.[15] Further, Momentum has not demonstrated that it cannot raise its claims in a new complaint. Momentum has thus failed to demonstrate how this Court's prior rulings

---

[13] *Burke v. Subia*, 2008 WL 2038043 (E. D. Cal. May 12, 2008).
[14] *See Gibbs v. Maxwell House, Div. of Gen. Foods Corp.*, 738 F.2d 1153, 1155 (11th Cir. 1984).
[15] *Gibbs v. Maxwell House* at pp. 1155-56.

6

will result in inequity to Momentum if Momentum is not allowed to amend its complaint that led to the establishment of this proceeding.

In consideration of the foregoing, the PSC asserts that all of the subparts of Rule 60(b)(5) are inapplicable where Momentum is concerned. The PSC accordingly urges the Court to deny the relief requested by Momentum pursuant to Rule 60(b)(5).

### D. **Momentum has not demonstrated the existence of the extraordinary circumstances that would justify the relief sought pursuant to Rule 60(b)(6).**

Although appearing somewhat broad on its face, Rule 60(b)(6) has been interpreted by the federal courts to be available as an extraordinary remedy that is applicable only upon the showing of exceptional circumstances. Parties seeking relief pursuant to Rule 60(b)(6) have the burden of demonstrating that absent such extraordinary relief, "extreme" and "unexpected" hardships will result.[16]

In the present case, it is quite apparent that Momentum has not met the burden that would justify the applicability of Rule 60(b)(6). Indeed, Momentum has offered no proof of the required "extreme" and "unexpected" hardships required by prior legal precedent. The PSC further asserts that Momentum cannot meet that high burden given the fact that Momentum has not demonstrated to this Court that it cannot file a new complaint that will provide an avenue for its issues to be addressed.

### IV. Conclusion

Based on the foregoing, the PSC asserts that Momentum's pending Rule 60(b) Motion is due to be denied. Should the Court see fit to grant Momentum's Motion, however, the PSC requests that the Court establish a new procedural schedule allowing for a response to any amended complaint filed and allowing for briefs and oral arguments on the issues raised.

---

[16] *Beavers v. A.O. Smith, Elec. Prods. Co.*, 265 Federal Appx. 772, 779 (11th Cir. Ala. 2008) (*quoting Griffin v. Swim-Tech. Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).

7

Respectfully submitted,

s/Tom Samford
Tom Samford
Bar Number:  SAM014
Attorney for the Defendants
Alabama Public Service Commission
100 N. Union Street, Suite 948
Montgomery, AL 36104
Telephone:  (334)242-5025
Fax:  (334)242-2041
E-mail:  tom.samford@psc.alabama.gov

s/G. Scott Morris
G. Scott Morris
Bar Number:  MOR080
Attorney for the Defendants
Alabama Public Service Commission
100 N. Union Street, Suite 836
Montgomery, AL 36104
Telephone:  (334)242-5200
Fax:  (334)242-0748
E-mail:  scott.morris@psc.alabama.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | | |
|---|---|---|
| Walter R. Byars, Esq. | Sean A. Lev, Esq. | James H. McLemore, Esq. |
| George H. Nolan, Esq. | Jonathan D. Rose, Esq. | Francis B. Semmes, Esq. |
| Henry M. Walker, Esq. | | |

Respectfully submitted,

s/G. Scott Morris
G. Scott Morris
Attorney for the Defendants
Alabama Public Service Commission
Post Office Box 304260 (36130)
100 North Union Street, Suite 836
Montgomery, Alabama 36104
Phone: (334)242-5200
Fax: (334)242-0748
Email: scott.morris@psc.alabama.gov
Bar Number: MOR080